AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY (SEVEN PAGES)

| United States District Court | District — EASTERN — |
|---|---|

| Name JAMES GEORGE STAMOS JR-1 | Prisoner No. T56728 | Case No. CVS 07-1078 LEW EFB HC |
|---|---|---|

Place of Confinement
CSP-SAC-FOLSOM - POST OFFICE BOX 290066, REPRESA, CA - 95671-0066

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| JAMES GEORGE STAMOS JR, | v. WARDEN - CSPSAC FOLSOM - |

The Attorney General of the State of: CALIFORNIA,

## PETITION

1. Name and location of court which entered the judgment of conviction under attack SUPERIOR COURT OF CA. COUNTY OF SANTA CLARA - SUNNYVALE -

2. Date of judgment of ~~conviction~~ SENTENCE DECEMBER TWENTY-FIRST, OF TWO THOUSAND SIX.

3. Length of sentence 5 YEARS STRAIGHT TIME

4. Nature of offense involved (all counts) PC-459/460(A) — PC-496(a)-RECEIVING S.P. 667.5(b) PRISON PRIOR —

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

**FILED**
JUN 06 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK 

(1) of 7 PAGES

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court  CA STATE COURT OF APPEAL, 6TH DISTRICT

(b) Result  NONE

(c) Date of result and citation, if known  UNKNOWN - NO RESULT

(d) Grounds raised  (A) TRIAL COURT ERRED IN CALCULATING RESTITUTION, FINES, (B) INEFFECTIVE ASSISTANCE OF COUNSEL

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ____

(2) Result ____

(3) Date of result and citation, if known ____

(4) Grounds raised ____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ____

(2) Result ____

(3) Date of result and citation, if known ____

(4) Grounds raised ____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ☒ No

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  SUPERIOR COURT OF CA. COUNTY OF SANTA CLARA

(2) Nature of proceeding  MOTION TO DISMISS - 10/18/2006

(3) Grounds raised  (A) STATUTORY VIOLATIONS - RIGHT TO SPEEDY TRIAL, (B) NOT BROUGHT TO TRIAL IN 60 DAYS FROM ARRAIGNMENT. (C) VIOLATION OF CA. CONSTITUTION. I §15 (D) VIOLATION U.S. CONS 14TH AMM.

(2)

AO 241 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☒
    (5) Result __NONE__
    (6) Date of result __MOTION THROWN IN ENVELOPE - NOT FILED BY COURT__

(b) As to any second petition, application or motion give the same information:
    (1) Name of court __SUPERIOR COURT OF CA, COUNTY OF SANTA CLARA__
    (2) Nature of proceeding __HABEAS CORPUS #1 - 11-08-2006__
    (3) Grounds raised __MOTION TO DISMISS NOT HEARD__

__ADDITIONAL ATTACHED PAGE__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☒   No ☐
    (5) Result __DENIED H/C__
    (6) Date of result __FEBRUARY TWENTY, TWO THOUSAND SEVEN YEAR__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.   Yes ☒   No ☐
    (2) Second petition,   Yes ☒   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
__N/A__

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

__ATTACHED (CONTINUED PAGE)__

(3)

11. CONTINUE

(1) NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

(2) NATURE OF PROCEEDING: ~~MISSTRIAL-THE DENIAL RIGHT TO SPEEDY TRIAL~~ HABEAS CORPUS #2 - 12/06/06

(3) GROUNDS RAISED: MISSTRIAL - THE DENIAL-RIGHT TO SPEEDY TRIAL BY PUBLIC JURY. (B) MISSCARRIAGE OF JUSTICE, IN VIOLATION OF THE STATUTORY RIGHT TO SPEEDY TRIAL. CASE WAS NOT DISMISSED. //

(4) DID YOU RECEIVE AN EVIDENTIARY HEARING ON YOUR PETITION, APPLICATION OR MOTION YES (NO)

(5) RESULT: HABEAS CORPUS (NOT RULED ON)

(6) DATE OF RESULT: JUNE, 2007 year (NO RESULTS)


(1) NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

(2) NATURE OF PROCEEDING: HABEAS CORPUS - 11/08/2006 & 3/11/2007

(3) GROUNDS RAISED: INEFFECTIVE PUBLIC DEFENDER #211495

(4) ~~RESULT~~ DID YOU RECEIVE AN EVIDENTIARY HEARING ON YOUR PETITION, APPLICATION MOTION Yes (NO)

(5) RESULT: DENIED - (NO GROUNDS H/C)

(6) DATE RESULT: APRIL, SIXTH, 2007, ONE PETITION ONLY

(4)
CONTINUED (PAGE FOUR)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: INEFFECTIVE COUNSEL BY PUBLIC DEFENDER, DEFENDERS OFFICE, AND MAIREAD-O-KEEFE P.D.—

Supporting FACTS (state *briefly* without citing cases or law) DID NOT SHOW FOR COURT— 6/05/2006, AND 06/28/06, 8/30/2006, 10/04/2006, 10/18/06, AND NOT PROPERLY ME, INSTEAD TOOK MORE— INTEREST IN HER OTHER CASES AND W/OUT GOOD CAUSE, OR EVIDENCE KEPT PRO-LONGING TRIAL DATE.

B. Ground two: VIOLATION OF RIGHT TO SPEEDY TRIAL—

Supporting FACTS (state *briefly* without citing cases or law): ARRAIGNMENT ON 4-12-2006 SINCE 60 CALENDAR DAYS–JUNE 12, 2006–WAS NOT— BROUGHT TO SPEEDY TRIAL AND INSTEAD MY— PUBLIC DEFENDER AND JUDGE W/OUT CAUSE DELAYED TO 11/27/06—

(5)

AO 241 (Rev. 5/85)

C. Ground three: VIOLATIONS OF UNITED STATES CONSTITUTION 14TH AMMENDMENT AND FIRST AMENDMENT OF U.S. CONSTITUT

Supporting FACTS (state *briefly* without citing cases or law): (10/1/06) BLACK DUFFLE BAG AND ON (1/23/2006) ONE SUITCASE, CONTAINING, U.S. COURT LETTERS, CASES, DOCUMENTS, ALL LEGAL CONFIDENTIAL AND PRIVATE, ILLEGALY SEIZED BY TAKEING, HOLDING, WITHOUT HEARING OR WARRANT,

D. Ground four: VIOLATION OF UNITED STATES CONSTITUTION SIXTH AMMENDMENT, CONFLICT OF INTEREST —

Supporting FACTS (state *briefly* without citing cases or law): (APPEAL FILED - DEC. 21, 2006) ON JANUARY FOURTH, OF 2007 YEAR, APPOINTED S.D.A.P. FOR APPELLANT. ON FEB. SECOND, OF 2007, SIXTH DISTRICT-APPELLATE PROGRAM RECOMMENDED - COUNSEL - THE S.D.A.P. ATTORNEY. CLAIRE CUNNINGHAM (#226941) SHE HAS NOT ADEQUATELY RAISED OR PRESENTED MATTERS CRUCIAL TO THE APPEAL AND SHE HAD PRIORLY WORKED FOR A JUDGE IN U.S. 9TH CIR- SHE IS PREJUDILY REPRESENTING ME.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes    No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing FLAGSBERG - PUBLIC DEFENDER - SUNNYVALE 120 WEST MISSION STREET, SJ, CA 95110
    (b) At arraignment and plea FLAGSBERG - PUBLIC DEFENDER - 120 WEST MISSION STREET, SJ, CA 95110 — OR - 333 W. EL CAMINO REAL SUITE 250, SUNNYVALE, CA. 94087

(6)

AO 241 (Rev. 5/85)

(c) At trial  Ø MAIREAD O'KEEFE #211495
120 W. MISSION STREET, SAN JOSE, CA. 95110 —

(d) At sentencing  MAIREAD O'KEEFE #211495
120 W. MISSION STREET, SAN JOSE, CA. 95110 —

(e) On appeal  SIXTH DISTRICT APELLATE PROGRAM — PAUL COUENHOVEN
(408) 241-6171 * 100 N. WINCHESTER BLVD. SUITE 310, SANTA CLARA.

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes —  No ✗

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes —  No ✗
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes __  No ✗

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

JUNE SECOND, 2007 year
        (date)

(PAGE 4 — TWO PAGES)(7 PAGES)

X_____
Signature of Petitioner

(7) OF 8 (PG. 4 — TWO PAGES)

CR-175

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JAMES GEORGE STAMOS JR <br> T56728-CSP-SAC-FOLSOM <br> PO BOX 290066-REPRESA, CA 95671-0066 <br> ~~TELEPHONE NO.:~~ 415-305-1710-CUTREC. <br> ~~E-MAIL ADDRESS~~ (optional):     ~~FAX NO.:~~ <br> ~~ATTORNEY FOR (Name):~~ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

In re

DEFENDANT: JAMES G. STAMOS JR , on habeas corpus 12/06/06
Date of birth: 09/07/68  California Dept. of Corrections No. (if applicable): T56728

**NOTICE AND REQUEST FOR RULING**
(Cal. Rules of Court, rule 4.551(a)(3)(B))

CASE NUMBER(S):
EE604989

---

I, JAMES G. STAMOS JR, filed a petition for writ of habeas corpus in the above entitled case in the Superior Court of California, County of (name): SANTA CLARA — on (date): DECEMBER SIXTH, 2006 year PUP BY ~~[redacted]~~ FOR UNITED STATES MAIL (PUP BY C/O PARKER)
As of this date, I have not received a ruling on the petition within 60 days of filing as required by rule 4.551(a)(3)(A) of the California Rules of Court. Therefore, I request that the court rule on the petition. (California Rules of Court, rule 4.551(a)(3)(B).) ~~A copy of the original petition for writ of habeas corpus is attached to this Notice and Request for Ruling.~~ MAILED MAY 09TH 07 TWO NOTICES AND REQUEST FOR RULEING W/ H/C COPIES X 6 PAGES)
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: MAY TENTH, OF 2007 YEAR
JAMES GEORGE STAMOS JR                     X James George Stamos Jr
(TYPE OR PRINT NAME)                                          (SIGNATURE)

(NOTES) ORDER DATED 20 FEB, 2007 SEEMS TO BE FOR 11/08/2006 (STATE HABEAS CORPUS FIVE PAGES) MOTION TO DISMISS NOT HEARD - FOR APPEAL RIGHTS, MAILED NOV. EIGHTH 2007 YEAR PUP BY C/O SHULZ #2524 FOR U.S. MAILING - James G. Stamos Jr

---

Form Approved for Optional Use
Judicial Council of California
CR-175 [New January 1, 2004]

**NOTICE AND REQUEST FOR RULING**
(Criminal)

THOMSON
WEST

Cal. Rules of Court, rule 4.551(a)(3)(B)

misdemeanor may not challenge on appeal the denial of a motion to dismiss on constitutional or statutory speedy trial grounds.n29.1 The Second Appellate District, Division Four is in agreement with Egbert, in rejecting Avila outright.n29 2

### [2]—Grant of Motion

If the trial court grants the dismissed motion as to all or part of the action, the prosecution has three options. It may immediately:

(1) Appeal the trial court's order;n30

(2) Petition for a pretrial writ of mandate directing the trial court to proceed with the action, if the statutory time period is about to run,n31 or

(3) Refile the charge against the defendant, in certain circumstances.n32

However, if the prosecution appeals or obtains any review of an appellate decision, the appellate decision binds the prosecution, the district attorney may not refile the appealed case.n33

**FOOTNOTES:**

(n1) Footnote 1. *See* [1], below.

(n2) Footnote 2. *See* § 62.06[3].

(n3) Footnote 3 *See* § [2], below.

(n4) Footnote 4. *People v. Wilson* (1963) 60 Cal. 2d 139, 149-150, 32 Cal. Rptr. 44, 383 P.2d 452; *see* Ch. 102, "Extraordinary Writs."

(n5) Footnote 5. *People v. Johnson* (1980) 26 Cal. 3d 557, 573 n.18, 162 Cal. Rptr. 431, 606 P.2d 738.

(n6) Footnote 6. *In re Crow* (1971) 4 Cal. 3d 613, 622 n.9, 94 Cal. Rptr. 254, 483 P.2d 1206.

(n7) Footnote 7. *Townsend v. Superior Court* (1975) 15 Cal. 3d 774, 779, 126 Cal. Rptr. 251, 543 P.2d 619.

(n8) Footnote 8. *See* § 62.06[2].

(n9) Footnote 9. *See* § 62.06[3]

(n10) Footnote 10. *See Penal Code* § 1387; *see also* § 62.08.

(n11) Footnote 11. *In re Crow* (1971) 4 Cal. 3d 613, 622, n.9, 94 Cal. Rptr. 254, 483 P.2d 1206.

(n12) Footnote 12. *In re Dixon* (1953) 41 Cal. 2d 756, 759, 264 P.2d 513 (ignorance of law and lack of funds to obtain transcript were not special circumstances); *see* Ch. 102, "Extraordinary Writs."

(n13) Footnote 13. *See* § 62.06[3]

(n14) Footnote 14. *People v. Wilson* (1963) 60 Cal. 2d 139, 146, 32 Cal. Rptr. 44, 383 P.2d 452; *see* Ch. 101, "Appeal."

(n15) Footnote 15. *Avila v. Municipal Court* (1983) 148 Cal. App. 3d 807, 810-813, 196 Cal. Rptr. 286.

(n16) Footnote 16. *People v. Radil* (1977) 76 Cal. App. 3d 702, 712, 143 Cal. Rptr. 233; *see* Ch. 101, "Appeal."

(n17) Footnote 17. *See People v. Wilson* (1963) 60 Cal. 2d 139, 151, 32 Cal. Rptr. 44, 383 P.2d 452 (decided under former Cal. Const. art. VI, § 4, which is substantially similar to Cal. Const. art. VI, § 13).

(n18) Footnote 18. *People v. Johnson* (1980) 26 Cal. 3d 557, 574-575, 162 Cal. Rptr. 431, 606 P.2d 738.

(n19) Footnote 19. *See* §§ 62.02[3], 62.03, 62.04

(n20) Footnote 20. *See* § 62.02[3]

(n21) Footnote 21. *See* § 62.02[3].

(n22) Footnote 22. *See* § 62.03[1]

(n23) Footnote 23. *See Sykes v. Superior Court* (1973) 9 Cal. 3d 83, 88-89, 106 Cal. Rptr. 786, 507 P.2d 90 (writ); *People v. Escarcega* (1986) 186 Cal. App. 3d 379, 387, 230 Cal. Rptr. 638 (prejudice to defendant lacking); *People v. George* (1983) 144 Cal. App. 3d 956, 960, 193 Cal. Rptr. 9 (judgment should not be reversed on speedy trial grounds unless further prosecution of underlying offense would have been barred had pretrial motion been granted).

(n24) Footnote 24 *See* § 62.06

(n25) Footnote 25 *People v. Stittsworth* (1990) 218 Cal. App. 3d 837, 839-841, 267 Cal. Rptr. 280 , *People v. Draughton* (1980) 105 Cal. App. 3d 471, 473-474, 164 Cal. Rptr. 440

(n26) Footnote 26. *Avila v. Municipal Court* (1983) 148 Cal. App. 3d 807, 196 Cal. Rptr. 286

35

---

(n27) Footnote 27. *Avila v. Municipal Court* (1983) 148 Cal. App. 3d 807, 812, 196 Cal. Rptr. 286.

(n28) Footnote 28. *People v. Stittsworth* (1990) 218 Cal. App. 3d 837, 839-841, 267 Cal. Rptr. 280.

(n29) Footnote 29. *People v. Hernandez* (1992) 6 Cal. App. 4th 1355, 1360, 8 Cal. Rptr. 2d 324.

(n30) Footnote 29.1. *People v. Egbert* (1997) 59 Cal. App. 4th 503, 68 Cal. Rptr. 2d 913.

(n31) Footnote 29.2. *People v. Aguilar* (1998) 61 Cal. App. 4th 615, 71 Cal. Rptr. 2d 411.

(n32) Footnote 30. *Penal Code* § 1238(a)(8); *see People v. Benavidez* (1979) 92 Cal. App. 3d 264, 266, 154 Cal. Rptr. 552; *see also* Ch. 101, "Appeal."

(n33) Footnote 31. *See* Ch. 102, "Extraordinary Writs."

(n34) Footnote 32. *See* § 62.08.

(n35) Footnote 33. *Penal Code* § 1238(b); *see* Ch. 101, "Appeal", *see also* § 62.08.

### § 62.08 Refiling Charges

### THE PROSECUTOR MAY NOT REFILE A MISDEMEANOR CHARGE DISMISSED ON SPEEDY TRIAL GROUNDS, BUT MAY REFILE A FELONY CHARGE ONCE OR, IN SOME INSTANCES, TWICE.

If an action is dismissed pursuant to *Penal Code Section 1381*, n1 *1381.5*, n2 or *1382*, n3 the district attorney may not refile that charge if it is a misdemeanor. A felony or a misdemeanor charged together with a felony, which was previously terminated pursuant to those statutes or pursuant to *Penal Code Section 8396, 861, 871, 995*, or *1385*, also may not be refiled, unless, subsequent to the dismissal, the judge or magistrate finds that substantial new evidence has been discovered by the prosecution that would not have been known through the exercise of due diligence at or before the time the case was terminated, the termination of the case was the result of the failure of the complaining witness to appear after being personally subpoenaed.n5 However, an order terminating an action is not a bar to another prosecution for the same offense if it is a misdemeanor charging an offense based on an act of domestic violence and the action's termination was the result of the failure to appear by the complaining witness, who had been personally subpoenaed.n6

Dismissals on other grounds also may or may not serve as a bar to reprosecution.n7 This subject is discussed further in Chapter 40, "Accusatory Pleadings."

If both the prosecution and the defendant expressly consent to do so, the trial court may proceed on the existing accusatory pleading in lieu of issuing an order terminating the action, and the action will be deemed as having been previously terminated for purposes of *Penal Code Section 1387*.n8

When a prosecution has been twice dismissed under *Penal Code Section 1387* and the defendant is accused of an offense that is a violent felony as defined in *Penal Code Section 667.5*, the prosecution is permitted one additional opportunity to refile charges, if either of the two prior dismissals were due to excusable neglect and the prosecution's conduct did not amount to bad faith.n9 as discussed in Chapter 40, "Accusatory Pleadings." Special circumstance allegations and enhancement allegations are subject to the bar on reprosecution when twice dismissed, as discussed above.n9.1

The purpose of *Penal Code Section 1387* is to prevent improper repeated attempts to prosecute a defendant.n10 The refiling of a charge, regardless of whether it is a new or different charge, starts a new statutory time period within which the defendant must be brought to trial n11 If the action is not technically terminated, and on express consent of the parties, the court proceeds on the existing accusatory pleading in lieu of terminating the action, the defendant is required to be rearraigned on the accusatory pleading, and a new time period under *Penal Code Section 859b or 1382* commences.n12

Even if the district attorney property refiles a charge against the accused, the accused may move for a dismissal of the action based on a denial of the constitutional right to a speedy trial n13

**FOOTNOTES:**

(n1) Footnote 1. *See* § 62.03[3][b].

(n2) Footnote 2. *See* § 62.03[3][c].

(n3) Footnote 3 *See* § 62.03[2].

36

By [name]
Attorney for Defendant

## § 62.07 Appellate Review

**IF THE DEFENDANT'S MOTION TO DISMISS IS DENIED IN THE TRIAL COURT, THE DEFENDANT MAY SEEK IMMEDIATE RELIEF BY PETITION FOR AN EXTRAORDINARY WRIT.n1 IF THE MOTION IS GRANTED, THE PROSECUTION MAY APPEAL, PETITION FOR A WRIT OF MANDATE, OR REFILE THE CHARGE.n2**

### [1]--Denial of Motion

If the defendant's pretrial motion to dismiss the action is denied,n3 the accused may seek immediate pretrial relief by filing a petition for an extraordinary writ of mandate, prohibition, or habeas corpus.n4 Of these options, prohibition and mandate are the preferred remedies. Pretrial habeas corpus relief may be sought only after the exhaustion of all other remedies.n5 However, the defendant may also seek postconviction relief by filing a petition for a writ of habeas corpus.n6 These writs are the proper remedies for both constitutional and statutory violations of the right to a speedy trial.n7 However, they may not be used unless the defendant has exhausted all available remedies, including objecting to the delay,n8 and moving to dismiss the action.n9

If the defendant is not in custody or subject to some other form of constraint, such as bail, defense counsel should seek pretrial relief from the trial court's order by filing a petition for a writ of mandate or prohibition. Since the granting of either writ results in the dismissal of the action against the defendant, either one may be used.n10

Defense counsel should seek pretrial relief from the trial court order by filing a petition for a writ of habeas corpus if the defendant is in custody or subject to some other form of restraint, such as bail.n11 The writ of habeas corpus directs the trial court to release the accused and to dismiss the action. The writ of habeas corpus cannot serve as a substitute for an appeal. If the defendant does not appeal the conviction, the writ of habeas corpus is not available, absent special circumstances which constitute an excuse for failing to employ an appeal.n12

If the accused proceeds to trial after the denial of a motion to dismiss the action13 and is convicted, the order denying the motion to dismiss may be appealed.n14 A trial court's erroneous denial of a statutory speedy trial motion in a misdemeanor case requires reversal and dismissal of the conviction without any showing of prejudice.n15 The appellate court must reverse a felony conviction when the denial of the motion led to a miscarriage of justice at trial within the meaning of California Constitution, Article VI, Section 13.n16 The error must be prejudicial to the defendant in order to constitute a miscarriage of justice.n17 The accused must demonstrate that:n18

(1) There was an unjustified pretrial delay,n19 and

(2) The defendant was actually prejudiced by this delay.n20

The accused must demonstrate that he or she suffered actual prejudice as a result of unjustified prosecutorial delay. Although actual prejudice is a factor that the accused must prove and the trial court must find when it determines whether the defendant was denied the constitutional right to a speedy trial or due process,n21 prejudice is presumed when the trial court determines that the defendant was denied the statutory right to a speedy trial.n22 Prejudice will be presumed if the defendant raises a statutory speedy trial issue by means of a pretrial writ, but will not be presumed on appeal.n23 If the accused does demonstrate that the denial of the pretrial motion to dismiss the action led to a miscarriage of justice, the appellate court must reverse the defendant's conviction and dismiss the charge. Even if the appellate court grants the relief that the defendant seeks, the district attorney may refile the same felony charge against the accused and bring him or her to trial again.n24

A violation of an accused's statutory speedy trial right is not cognizable on appeal when the defendant pleads guilty or nolo contendere to a felony or has pleaded guilty or nolo contendere pursuant to a plea bargain in which a felony has been reduced to a misdemeanor.n25

The Second Appellate District, Division One, held in *Avila v. Municipal Court*,n26 that if the defendant pleaded guilty to a misdemeanor as originally charged, he or she may still claim speedy trial error on appeal.n27 The First Appellate District, Division Four, attempted to limit *Avila* by holding that speedy trial grounds are cognizable only for misdemeanor charges, unlike felony charges, cannot be relied if dismissed on speedy trial grounds, statutory speedy trial grounds, or of a misdemeanor charge reduced from a felony pursuant to a plea bargain. The First District reasoned that misdemeanor charges, unlike felony charges, cannot be relied if dismissed on speedy trial grounds. Thus, the reversal of a felony charge on speedy trial grounds or of a misdemeanor pursuant to a plea bargain, would only result in the defendant being retried. In *Avila* to be erroneous, as a defendant whose felony case has been dismissed would be in the same position as a misdemeanant. Since the Fourth District has concluded that the *Avila* reasoning could lead to absurd results if applied more broadly, it has rejected the application of *Avila* beyond its facts.n29 The Fourth Appellate District, Division One goes further than Hernandez, and rejects *Avila* outright as wrongly decided, and has instead held that a defendant who has pleaded guilty or nolo contendere to a

---

33

FOOTNOTES:
(n1) Footnote 1. *See* [1], below.

(n2) Footnote 2. *See* [2], below.

(n3) Footnote 3. *See* [3], [4], below.

(n4) Footnote 4. *People v. Wilson* (1963) 60 Cal. 2d 139, 146, 32 Cal. Rptr. 44, 383 P.2d 452 ; *see Hankla v. Municipal Court* (1972) 26 Cal. App. 3d 342, 360, 102 Cal. Rptr. 896.

(n5) Footnote 5. *People v. Lee* (1980) 100 Cal. App. 3d 715, 717, 161 Cal. Rptr. 162 (constitutional speedy trial issue cannot be raised for first time on appeal following plea of guilty to charge); *People v. Hayton* (1979) 95 Cal. App. 3d 413, 416, 156 Cal. Rptr. 426 (statutory speedy trial issue cannot be raised for first time on appeal following plea of guilty to charge).

(n6) Footnote 6. *Hankla v. Municipal Court* (1972) 26 Cal. App. 3d 342, 362, 102 Cal. Rptr. 896, *see also* § 62.07.

(n7) Footnote 7. *See* § 62.07.

(n8) Footnote 8. *Penal Code* § 1387.

(n9) Footnote 9. *People v. McCoy* (1983) 147 Cal. App. 3d 638, 642-643, 195 Cal. Rptr. 285.

(n10) Footnote 10. *See* § 62.03[3][b].

(n11) Footnote 11. *See* § 62.03[3][c].

(n12) Footnote 12. *See* § 62.03[2].

(n13) Footnote 13. *People v. Wilson* (1963) 60 Cal. 2d 139, 146, 32 Cal. Rptr. 44, 383 P.2d 452 ; *see People v. Lenschmidt* (1980) 103 Cal. App. 3d 393, 396, 163 Cal. Rptr. 68.

(n14) Footnote 14. *People v. Wilson* (1963) 60 Cal. 2d 139, 147, 32 Cal. Rptr. 44, 383 P.2d 452.

(n15) Footnote 15. *See Barker v. Municipal Court* (1966) 64 Cal. 2d 806, 812, 51 Cal. Rptr. 921, 415 P.2d 809 ; *see also* § 62.04.

(n16) Footnote 16. *People v. Wilson* (1963) 60 Cal. 2d 139, 146, 32 Cal. Rptr. 44, 383 P.2d 452 ; *Stephens v. Municipal Court* (1986) 180 Cal. App. 3d 189, 196, 225 Cal. Rptr. 508 (announcement of readiness not enough to trigger running of 10-day grace period). *But see Bryant v. Superior Court* (1986) 186 Cal. App. 3d 483, 494, 498, 230 Cal. Rptr. 777 (defendant who has consented to postponement of trial beyond statutory period and who has answered "ready" on last day to which he or she has consented need not thereafter also expressly object to continuances or trailings within 10-day grace period). *See generally* § 62.05.

(n17) Footnote 17. *See Hankla v. Municipal Court* (1972) 26 Cal. App. 3d 342, 360, 102 Cal. Rptr. 896.

(n18) Footnote 18. *See People v. Wilson* (1963) 60 Cal. 2d 139, 150, 32 Cal. Rptr. 44, 383 P.2d 452.

(n19) Footnote 19. *People v. Wilson* (1963) 60 Cal. 2d 139, 147, 32 Cal. Rptr. 44, 383 P.2d 452 ; *see* [3], below.

(n20) Footnote 20. *See* § 62.07[1].

(n21) Footnote 21. *See People v. Wilson* (1963) 60 Cal. 2d 139, 147, 32 Cal. Rptr. 44, 383 P.2d 452 ; *see also* § 62.08[2].

(n22) Footnote 22. *Sykes v. Superior Court* (1973) 9 Cal. 3d 83, 94, 106 Cal. Rptr. 786, 507 P.2d 90, *see People v. Wilson* (1963) 60 Cal. 2d 139, 147, 32 Cal. Rptr. 44, 383 P.2d 452.

(n23) Footnote 23. *People v. Wilson* (1963) 60 Cal. 2d 139, 147-148, 32 Cal. Rptr. 44, 383 P.2d 452.

(n24) Footnote 24. *See* § 62.07[1].

(n25) Footnote 25. *See* § 62.07[4] (setting forth example of a motion to dismiss).

(n26) Footnote 26. *See* § 62.04

(n27) Footnote 27. *People v. Wilson* (1963) 60 Cal. 2d 139, 147, 32 Cal. Rptr. 44, 383 P.2d 452.

(n28) Footnote 28. *Penal Code* § 1384.

(n29) Footnote 29. *Penal Code* § 1384.

(n30) Footnote 30. *See* [3], above.

(n31) Footnote 31. *Cal. Rules of Ct.* Rule 4.111(q).

(n32) Footnote 32. *Cal. Rules of Ct.* Rule 4.111(q).

(n33) Footnote 33. *See* [1], above.

(n34) Footnote 34. *See* [3], above, § 62.07.

---

34

CERTIFICATE OF SERVICE

JAMES G STAMOS JR
T56728 - CSP SAC FOLSOM
P.O BOX 290066, REPRESA, CA 95671-0066 *

NAME: JAMES GEORGE STAMOS JR, V. WARDEN CSP-SAC FOLSOM —

CASE # _____ (TO BE SUPPLIED BY CLERK) U.S. COURT

I, JAMES GEORGE STAMOS' JR'. DECLARE THAT ON THE DAY- OF SUNDAY EVENING I, ENCLOSED IN ENVELOPE- JUNE THIRD, 2007- SEVEN PAGES 28 USC §§ 2254 - WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY. COMPLETED/SIGNED DATED AT JUNE 02, 2007 JR- ATTACHED PHOTO COPIED SIX PAGE STATE HABEAS CORPUS-12/06/2006 THREE PAGES - MOTION TO DISMISS - 10/18/2006 YEAR - NOTES. * FORMAT. ONE PAGE LEGAL STATUS SUMMARY (1-18-2007), ONE GRIEVANCE 670B DATED-10/19/2006 * TWO PAGES - ATTORNEY COMMUNICATION. LAST DOCUMENT TOTAL TWENTY-SIX-PAGES * PLACED IN LARGE MANILLA ENVELOPE. ON THE BELOW NAMED INDIVIDUALS BY DEPOSITING TRUE AND CORRECT THEREOF IN THE UNITED STATES MAIL IN CSP-SAC FOLSOM REPRESA, CALIFORNIA. WITH POSTAGE FULLY PREPAID, THEREON- ADDRESSED AS FALLOWS: UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA-
501 "I" STREET, ROOM 4-400
SACRAMENTO, CA. 95814

I HAVE READ THE ABOVE STATEMENTS AND DECLARE UNDER THE PENALTY- OF PERJURY OF LAWS OF THE STATE OF CA. THAT THE FOREGOING- IS TRUE AND CORRECT. X /s/ James George Stamos Jr. X June 03, 2007
JAMES GEORGE STAMOS JR