1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   GERALD A. ENGLER
    Senior Assistant Attorney General
4   GREGORY A. OTT
    Deputy Attorney General
5   PEGGY S. RUFFRA
    Supervising Deputy Attorney General
6   State Bar No. 117315
       455 Golden Gate Avenue, Suite 11000
7      San Francisco, CA 94102-3664
       Telephone: (415) 703-1362
8      Fax: (415) 703-1234
       Email: peggy.ruffra@doj.ca.gov
9   Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14  **JAMES GEORGE STAMOS, JR.,**                  C 07-5547 VRW

15                                  Petitioner,    **MEMORANDUM OF POINTS
                                                   AND AUTHORITIES IN
                                                   SUPPORT OF ANSWER**
16          **v.**

17  **TOM FELKER, Warden,**

18                                  Respondent.

19

20                   **STATEMENT OF THE CASE**

21          On November 30, 2006, a Santa Clara County jury convicted petitioner of first degree

22  burglary and receiving stolen property, and found him not guilty of second degree burglary.  Exh.

23  1, Clerk's Transcript ("CT") 237-239, 271, 271c.  The jury subsequently found that petitioner had

24  served a prior prison term.  CT 281, 291a, 292.  On December 21, 2006, the trial court sentenced

25  petitioner to five years in prison, and imposed a $2,000 restitution fine and a $2,000 parole

26  revocation restitution fine.  CT 363.

27          On direct appeal, the state conceded that the restitution fines should be reduced.  Exh. 4.

28  On November 14, 2007, the California Court of Appeal modified each restitution fine to be $1,000,

1   and stayed the parole revocation restitution fine.  Exh. 5.  Neither party sought review in the

2   California Supreme Court.

3          Petitioner then filed habeas corpus petitions in the state superior, appellate, and supreme

4   courts.  As relevant here for exhaustion purposes, on October 17, 2007, petitioner filed a habeas

5   corpus petition in the California Supreme Court, Case No. S157276, which was denied on November

6   14, 2007, with citations to *In re Clark*, 5 Cal.4th 750 (1993); *In re Swain*, 34 Cal.2d 300, 304 (1949);

7   and *People v. Duvall*, 9 Cal.4th 464, 474 (1996).  Exhs. 6, 7.[1]

8          Meanwhile, on June 6, 2007, petitioner filed a habeas corpus petition in district court for

9   the Eastern District of California.  On October 31, 2007, the district court transferred the case to the

10  Northern District.  On November 28, 2007, this Court issued an Order to Show Cause.

11

12                              **STATEMENT OF FACTS**

13         On September 18, 2005, petitioner's father, James Stamos Sr., returned home from

14  vacation when a neighbor called to tell him the police were at his Cupertino residence.  Exh. 2,

15  Reporter's Transcript ("RT") 174.  Stamos Sr. discovered that the security system had been

16  compromised, and the master bedroom window screen had been removed.  RT 176-178, 180-181.

17  He determined that a number of collectable coins had been taken from under his bedroom dresser

18  and from his desk.  RT 181-182.  Also, a tool shed window screen had been removed and some

19  items had been moved.  RT 185-189.

20         Police lifted a partial palm print from the master bedroom window frame that was matched

21  to petitioner.  RT 258-259, 297-298.  On October 1, 2005, petitioner was arrested in possession of

22  a duffel bag containing collector's coins, which were subsequently identified by Stamos Sr. as

23  missing from his collection.  RT 205-212, 308-310.  Stamos Sr. estimated that the coins were worth

24  about $2,000.  RT 213.

25          Stamos Sr. had previously told petitioner he was not welcome at the house anymore.  RT

26

27  _____

28      1.  Petitioner recently filed two other habeas petitions in the California Supreme Court in
    Case Nos. S159664 and S163080.  The California Supreme Court has not acted in those cases.

172.  In the summer of 2005 Stamos Sr. found petitioner in his house late at night and told him to leave.  RT 215.  Around the same time Stamos Sr. returned home from his morning walk and caught petitioner tampering with the bedroom screen; petitioner fled when he saw his father.  At the time of that incident Stamos Sr. determined that $3,000 that he kept in his desk as emergency money was missing.  RT 215-220.

**ARGUMENT**

**I.**

**PETITIONER HAS NOT SHOWN THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

Petitioner contends he received ineffective assistance of counsel because his appointed deputy public defender did not personally appear in court on five dates, and "took more interest in her other cases and w/out good cause or evidence kept prolonging the trial date."  Petition at 5.

This claim is not exhausted.  Petitioner raised a *different* claim of ineffective assistance of counsel in his state habeas corpus petition, i.e., that trial counsel failed to move to suppress the duffle bag, failed to move for the return of petitioner's property, and failed to request a jury instruction regarding the unlawful conduct of police.  Exh. 6 at 4.  A claim of ineffective assistance of counsel based on particular grounds is not exhausted where different grounds for ineffective assistance were raised in state court.  *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005); *Greene v. Henry*, 302 F.3d 1067, 1070 n. 3 (9th Cir. 2002); *Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982).

Nevertheless, this Court may deny an unexhausted claim where it is clearly meritless, which is appropriate here.  28 U.S.C. § 2254(b)(2); *see Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). In order to establish a Sixth Amendment violation, petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability the result of the proceeding would have been different absent the error.  *Strickland v. Washington*, 466 U.S. 668, 695-696 (1984).  Conclusory allegations are insufficient. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).  The reviewing court need not assess

1   counsel's performance where it is clear that petitioner cannot show the requisite prejudice.

2   *Strickland* at 697.

3          The record in this case shows the following.  Deputy Public Defender Mariead O'Keefe

4   was assigned to represent petitioner.  The case was set for a pretrial conference on June 5, 2006.  CT

5   88.  On that day another deputy public defender stood in for O'Keefe.  CT 89.  On June 6, 2006,

6   O'Keefe appeared with petitioner.  CT 102.  On June 9, 2006, the court granted O'Keefe's motion

7   to continue trial, CT 112, which was based on the fact that counsel had not yet received the

8   fingerprint examiner's report or exemplars for the palm print that had been lifted from the window.

9   CT 109.  O'Keefe appeared on June 16, 2006, at which time pretrial motions were heard.  CT 133.

10          On June 19, 2006, O'Keefe declared a doubt as to petitioner's competence, and the trial

11   court suspended the criminal proceedings pursuant to Cal. Penal Code § 1368 et seq.  CT 134.  On

12   June 28, 2006, a different deputy public defender appeared and the court appointed a doctor to

13   examine petitioner.  CT 155.  On July 7, 2006, O'Keefe appeared and the court heard petitioner's

14   *Marsden* motion.  CT 157.  On August 9, 2006, O'Keefe appeared and the court again appointed the

15   doctor.  CT 177.  On August 30, 2006, a different deputy public defender appeared and the court

16   appointed a second doctor.  CT 186.  On October 4, 2006, a different deputy public defender

17   appeared.  CT 188.  On October 11, 2006, O'Keefe appeared and the court found petitioner

18   competent.  CT 189.  Also on October 11, 2006, the court heard petitioner's *Marsden* motion.  CT

19   206. On October 18, 2006, a different deputy public defender appeared and requested a continuance

20   because O'Keefe was in trial.  CT 207.  On November 27, 2006, petitioner's trial commenced.  CT

21   209-210.

22          Petitioner's allegations fail to establish that he received constitutionally ineffective

23   representation.  The fact that a different deputy public defender stood in for the appointed deputy

24   during some procedural pretrial conferences does not establish deficient performance.  The fact that

25   O'Keefe obtained a continuance of the trial date in order to obtain relevant discovery shows that she

26   was conscientious, not ineffective.  Further, O'Keefe had a duty to declare a doubt as to petitioner's

27   competence if she believed he could not understand the proceedings and assist in his defense, and

28   the resulting four-month delay of trial was unavoidable.  In sum, O'Keefe did not abandon petitioner

1  in court or unduly prolong the commencement of trial, and there is no evidence that she failed to

2  show adequate interest in petitioner's case.  Nor has petitioner shown how he was prejudiced by

3  these alleged shortcomings, as the evidence against him was overwhelming.  Habeas relief is

4  unwarranted.

5

6                                          **II.**

7  **PETITIONER'S SPEEDY TRIAL CLAIM DOES NOT PRESENT A
   FEDERAL CONSTITUTIONAL QUESTION**

8

9          Petitioner contends he was denied the right to a speedy trial because he was not brought

10 to trial within 60 days of arraignment.  Petition at 5.  That claim is not cognizable on habeas corpus

11 review because it does not present a federal constitutional question, but rather an issue of state law

12 under Cal. Penal Code § 1382.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the

13 province of a federal habeas court to reexamine state-court determinations on state-law questions").

14 Accordingly, this Court cannot reach the claim.

15

16                                          **III.**

17 **PETITIONER'S    FOURTH    AMENDMENT    CLAIM    IS    NOT
   COGNIZABLE**

18

19         Petitioner contends certain evidence was illegally seized.  That claim is not cognizable on

20 habeas corpus review.  "[W]here the State has provided an opportunity for full and fair litigation of

21 a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the

22 ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

23 *Stone v. Powell*, 428 U.S. 465, 494 (1976).  "The relevant inquiry is whether petitioner had the

24 opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was

25 correctly decided."  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).  In this case,

26 petitioner had an opportunity to litigate his Fourth Amendment claim as set forth in Cal. Penal Code

27 § 1538.5.  Accordingly, this Court cannot reach the claim.

28

*Stamos v. Felker* - Mem. of Points and Auth. in Support of Answer - C 07-5547 VRW

IV.

**PETITIONER HAS NOT SHOWN THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

Petitioner contends his appointed appellate counsel was ineffective and had a conflict of interest. He argues that appellate counsel "has not adequately raised or presented matters crucial to the appeal and she had priorly worked for a judge in the U.S. 9th Cir." Petition at 6.

This claim is not exhausted. Petitioner's only mention in his state habeas petition of any claim regarding appellate counsel was a conclusory allegation of "ineffective assistance and representation by the Sixth District appointed counsel!" Exh. 6 at 4. However, as noted above, the Court may deny relief on the merits under 28 U.S.C. § 2254(b)(2).

Petitioner fails to specify what claims appellate counsel allegedly failed to adequately raise on direct appeal. Thus, he has failed to meet his burden to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690; *see Jones v. Gomez*, 66 F.3d at 205. Also, the fact that his appellate counsel previously worked for a Ninth Circuit judge does not establish a conflict of interest.

Nor has petitioner attempted to show prejudice. His appellate attorney raised a meritorious claim concerning the restitution fines that the state conceded and the state appellate court reversed. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983). Habeas relief is unwarranted.

1

**CONCLUSION**

2          Accordingly, respondent respectfully requests that the petition for writ of habeas corpus

3    be denied.

4

5              Dated:  May 20, 2008

6                                   Respectfully submitted,

7                                   EDMUND G. BROWN JR.
                                    Attorney General of the State of California

8                                   DANE R. GILLETTE
                                    Chief Assistant Attorney General
9
                                    GERALD A. ENGLER
10                                  Senior Assistant Attorney General

11                                  GREGORY A. OTT
                                    Deputy Attorney General
12
                                    **/s/ Peggy S. Ruffra**
13
                                    PEGGY S. RUFFRA
14                                  Supervising Deputy Attorney General

15                                  Attorneys for Respondent

16

17

18

19

20

21

22

23

24

25

26

27

28