1  JAMES GEORGE STAMOS, JR              FILED
2  T56728-HIGH DESERT STATE PRISON (FACILITY B-1-129)
3  POST OFFICE BOX-3030 —         RICHARD W. WIEKING
                                   CLERK, U.S. DISTRICT COURT
                                   NORTHERN DISTRICT OF CALIFORNIA
4  SUSANVILLE, CA. 96127-3030;
5
6
7          UNITED STATES DISTRICT COURT,
8          NORTHERN DISTRICT OF CALIFORNIA.
9
10  JAMES GEORGE STAMOS JR      No C-07-5547 VRW
11      (PETITIONER)            NOTICE OF EXHIBITS
12  V.                          ) ATTACHED, TO —
13                              ) PETITIONERS TRAVERSE
14  TOM FELKER WARDEN (HDSP.)
15      (RESPONDENT)
16  NOTICE IS HEREBY GIVEN OF EXHIBITS ATTACHED
17  IN SUPPORT TO, MEMORANDUM AND POINTS OF —
18  AUTHORITIES, OF PETITIONERS TRAVERSE TO ANSWER
19  TO PETITION FOR WRIT OF HABEAS CORPUS x
20  EXHIBIT #1 - CR-175 - FILED. MAY. FOURTEEN, 2008 (EE604989) - sec (11/08/06)
21  EXHIBIT(2). APRIL TWELVE. 2006 ARRAIGNMENT ABSTRACT
22  EXHIBIT(3) x PUBLIC DEFENDERS LETTER (4/26/06)
23  EXHIBIT(4) x MAY. FIFTHTEEN. 2006. ABSTRACT (INFORMATION)
24  EXHIBIT(5) - POST CARD WITH INQUIRY #06-02975. OBJECTIONS - 7/05/06
25  EXHIBIT #(6). MOTION TO DISMISS - FORMAT USED (NOTES) x 10-18-06
26  EXHIBIT #(7) STATEMENT OF DISQUALIFICATION UNDER -
27  ———— ) CODE OF CIVIL PROCEDURES (170.1) ————
28  EXHIBIT #(8) CR-175 NOTICE AND REQUEST FOR RULEING, 11/08/06 HC

1  EXHIBIT-#09: MAY. FIRST. 2006 YEAR-COURT ABSTRACT-PRE-LIMINARY EXAM-
2  EXHIBIT #10: FORMAT USED-MOTION TO DISMISS W/ POINTS AND AUTHORITIES
3  EXHIBIT #11: MOTION RETURN OF PROPERTY -W/MEM. POINTS OF AUTHORITIES
4  EXHIBIT #12: DOCKET-H031047- MOTION RETURN OF PROPERTY -RECEIVED-
5  EXHIBIT #13- FORMAT COPY-HANDWRITTEN MOTION, RETURN OF PROPERTY
6  WITH MOTION: REQUEST ORDER TO RETURN MY PROPERTY (ATTACHED) —
7         ——MOTION RETURN OF PROPERTY ; MAILED. AUGUST.19TH 07-
8  EXHIBIT #(14) COURT OF APPEAL 6TH X PETITION FOR REHEARING. 3 PAGES
9  EXHIBIT (#15) MOTION. MAILED 11/28/2007, 12/30/2007, 1/15/2008 —
10 EXHIBIT (#16) MOTION; REQUESTING-TIMELY-NOTICE TO FILE MY PETITION
11 FOR REHEARING. AND FOR ATTORNEY TO SEND THE CORRECT ADDRESS
12 TO THE FILING-FOR REVIEW IN THE CA. SUPREME COURT; FORMAT—
13 ONLY AVAILABLE! (FILED SUPREME CT. ) (AS EXHIBIT) ORIGINAL COPIES)
14 EXHIBIT #(17)-H031047 - RECOMMENDATION OF COUNSEL ON APPEAL-
15 MOTION. BY MICHAEL A. KRESSER, FEBRUARY. SECOND 2007 YEAR —
16 EXHIBIT #(18)-UNSIGNED ORDER-FILED JANUARY. FOUR 2007. CT. APPEAL 6TH
17 EXHIBIT #19, S159664 -DENIED - BY CHIEF JUSTICE GEORGE (FILED) BY SUPREME
18 COURT OF CALIFORNIA! X
19 DUE TO INDIGENCY-SOME ORIGINALS CAN NOT BE MAILED, BECAUSE
20 UNITED STATES MAIL-FIRST CLASS, IS NOT GUARANTEED, AND
21 UNITED STATES MAIL, GETS LOST, AND I DO NOT HAVE FUNDS
22 TO PAY FOR GUARANTEE-SHIPPING-/OR MAILING! I. HEREBY DECLARE
23 EXHIBITS AS LISTED FROM NUMBERS ONE THRU-NINETEEN ARE ATTACHED
24 TOTAL (EXHIBIT PAGES) -(THIRTY FIVE)- PAPER PAGES) W/ ORIGINAL
25 TRAVERSE TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS-
26 U.S. D.C. NORTHERN! SEE PROOF OF SERVICE FOR ADDITIONAL SETS OF COPIES—
27 I. HEREBY DECLARE UNDER THE PENALTY OF PERJURY, THIS TO BE TRUE-
28 AND CORRECT: X JUNE. NINETEENTH. 2008 YEAR X JAMES GEORGE STAMM
                                    JAMES GEORGE STAMOS JR
                                    ( PETITIONER )

CR-175

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMES G. STAMOS JR T56728 B-1 A-SIDE (227) POST OFFICE BOX 4999 DELANO, CALIFORNIA 93216-4999 TELEPHONE NO.: E-MAIL ADDRESS *(optional):* NKSP-FC FAX NO.: ATTORNEY FOR *(Name):* | (ENDORSED) F I L E D MAY 1 4 2007 KIRI TORRE Chief Executive Officer/Clerk Superior Court of CA County of Santa Clara BY _____ S. Chua _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**

| In re DEFENDANT: JAMES G. STAMOS JR , on habeas corpus Date of birth: 09/07/1968 California Dept. of Corrections No. *(if applicable):* T56728 | |
|---|---|

| NOTICE AND REQUEST FOR RULING COPY OF *(Cal. Rules of Court, rule 4.551(a)(3)(B))* | CASE NUMBER(S): EE604989 |
|---|---|

I, **JAMES G. STAMOS JR** filed a petition for writ of habeas corpus in the above entitled case in the Superior Court of California, County of *(name):* **SANTA CLARA** ———— on *(date):* **NOV. EIGHTH, 2006 YEAR** –

As of this date, I have not received a ruling on the petition within 60 days of filing as required by rule 4.551(a)(3)(A) of the California Rules of Court. Therefore, I request that the court rule on the petition. (California Rules of Court, rule 4.551(a)(3)(B).) ~~A copy of the original petition for writ of habeas corpus is attached to this Notice and Request for Ruling.~~ COPY ES/ RGT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(Date: **JAN. 20th 2007 YR**)
**JAMES G. STAMOS JR** (TYPE OR PRINT NAME)     (SIGNATURE)

**NOTICE AND REQUEST FOR RULING**
(Criminal)

Cal. Rules of Court, rule 4.551(a)(3)(B)
American LegalNet, Inc.
www.USCourtForms.com

CEN

| | | |
|---|---|---|
| DATE | | DEPT. |
| CLERK | | |
| HEARING | | |
| AGENCY | | TW |
| STATUS | | |
| | APO | |

GE ... JUDE HIGH DETENRGNP          PV:

ORTER ... ... GARISH          CHILD:

. ATTY.          D.A.

.RGES ...

VIOLATION DATE

**NEXT APPEARANCE**

] Defendant Present ☐ Not Present          ☑ Atty Present _____          AD / PD / Legal Aide / Special App ☐ Sworn

] Arr'd ☐ Adv.☐ Arr Wav ☐ Amend Comp/Info ☐ Arr ☐ Plea ☐ IDC ☐ PTC ☐ Prob / Sent          ☐ Interpreter _____

] PC977 ☐ Filed ☐ On File ☐ Reptr. Adv / Wav ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR/ ERC ☐ Bail Apply ☐ Balance Exonerated

] NG ☐ Entered by CRT ☐ NGBRI / Adv          ☐ PSet ☐ Prelim ☐ Readiness ☐ S / B MTC          ☐ Bail Exonerated ☐ Forfeited          Bond #_____

] Denies Priors/ Allegations/ Enhancements/Refusal ☐ Further ☐ Jury ☐ CT ☐ Peo / Def Wav Jury          ☐ Reassumption Filed ☐ Forfeiture Set Aside ☐ Bail Rein

] TW ☐ TNW ☐ TW / WD ☐ TW Sentence          ☐ Ref'd_____          ☐ $_____ Costs Within 30 Days to Court

] Ref / Appt PD / AD / Legal Aide ☐ Conflict Decl ☐ APO / Prop 36          ☐ P36 Re-Assm't          SORP / OR ☐ Revoked ☐ Reinstated ☐ May Post & Forfeit

] _____Relieved_____Appt'd          ☐ Crim Proc Susp ☐ Rein          ☐ BW Ordered $_____          ☐ Stayed ☐ To Issue

] Hrg on Motion _____          ☐ Doubt Decl Pursuant PC 1368          ☐ No Cite Release/SCIT ☐ No Request ☐ Cash Only

] Granted ☐ Denied ☐ Submitted ☐ Off Cal          ☐ Subm on Report ☐ Found _____          ☐ BW Set Aside ☐ Recalled ☐ Filed

] Stip to Comm ☐ Drs. Appointed _____          ☐ Max Term _____ ☐ Committed _____          ☐ Proof of _____

] Prelim Wav ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____

] Amended to ☐ (M) VC12500(a) / VC23103(a) ☐ Pur VC23103.5 ☐ DA Stmt Filed   Other: _____

**LEA Conditions:** ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP _____          ☐ Add to Cal

] Jail / Prison Term of _____

] Dismissal / Striking _____          ☐ Subm time of Sent ☐ Harvey Stip _____

] Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC12021 (110) ☐ VC14607.8/PC666

] Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena / Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia filed

] COP ☐ **GUILTY** ☐ **NOLO CONTENDERE** to charges & admits enhancements / allegations / priors ☐ **PC17** ☐ Arbuckle ☐ Factual Basis found ☐ Findings stated

] Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Rein / Term   Fee $_____ ☐ Guilty Plea Rendered

] Waives Referral ☐ Ref'd to APO Full Rpt ☐ **PROBATION DENIED**          **FINES/FEES: PAY TO** ☐ Ref to DOR ☐ COURT ☐ TODAY

] Sentenced to _____State Prison/County Jail ☐ Sent Suspended _____          COUNT____ $_____ + PA $_____ ☐ Purs HS11350d

**ROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period          COUNT____ $_____ + PA $_____

] COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs          AIDS / CPP   $_____ + PA $_____

] Report to APO within _____ Days ☐ Terminated ☐ Upon Release          DPF          $_____ + PA $_____

] Perform_____Hrs Volunteer Work as directed PO / SAP / CAP ☐ In lieu of fine          LAB          $_____ + PA $_____

] Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP          DRF /RF          $_____ Add'l RF $_____ Susp'd PC1202.45

] MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos   Enroll within _____ days          AEF          $_____ Original Fine $_____

] DL Susp/ Restr'd/ Rvk'd for _____ ☐ To, from, during Work/AlcoPrg/Jail/Sch/App          SECA          $_____ **CTS PC290.5**  $_____

] IID Not/Ordered/ Rmv'd Term _____ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed          NC          $_____ **TOTAL DUE**  $_____

] No contact with victim or family / co-defts unless appr by APO ☐ PC1202.05          ASF /CPF          $_____ Payments Granted / Modified  .

] DVPO issued / mod /term'd Exp _____          ☐ Victim Present          AR          $_____ $_____ / Mo beginning _____

] Not own/possess deadly weapons ☐ Destroy / Return Weapon_____          SHELTER          $_____ FINE STAYED _____

] Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold          DV          $_____ Committed @ $_____/day ☐ May Pay Out

] Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft  cnsl / prgm          ATTY          $_____ Consec/Conc to _____

] PC296 (DNA) ☐ PC1202.1 HIV Test / Education          $_____ Fine / Fees ☐ Deemed Satisfied ☐ Commuted

**OP:** ☐ Wav ☐ Arr'd _____ ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP          P/INVEST          $_____ ☐ P/SUP $_____ /Mo ☐ Waived

rob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to_____          CJAF ☐          $_____

] Original Terms & Conditions Except as Amended herein          ☐ Restitution $_____ to _____

] Co-terminous with_____ ☐ No Further Penalties / Reviews          ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civilly

**AIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons          County Jail

| :ount | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

TS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ TOTAL DAYS          TOTAL TERM _____

] Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec_____All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP_____

☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____

] Bal CJ Susp ☐ All but ____Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU .

☐ Pre-process_____ ☐ AM/PM ☐ **Stay / Surrender / Transport to** _____ @ _____ AM/PM or Sooner

] REMANDED-BAIL $_____ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T ☐ P36

☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BED

**ROMISE TO APPEAR:** I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.

Y _____          **DEFENDANT**

# County of Santa Clara
Memorandum



To: James

From: J.J.K

Subject: Your Case

Date: 4-26-06

I am not your lawyer on this case.
Seth Flagsbarg is the attorney.
You can call Seth @ 739-8436.
I will call him and tell him
about you. Seth is an excellant lawyer
listen to him.
                    Good Luck!
                              J.J.K

26-B REV 1/88   REORDER CODE NO 963077

CERT FOR
660 W. EL CAMINO REAL
SUNNYVALE, CA 94087          TMN
PLE VS. JAMES  STANDE JR      George
A.                      FORE

DATE  05/15/2006   1:30 PM      DEPT.  80
      09/07/1968 CAC6249404     CDY BKIN
CLERK  JULIE NASHED            CJA905 M
HEARING  INFORMATION
AGENCY  CU-04305-SJ.652-SPURGEON
STATUS  I-SET - 50000
                              APO                    TW A

GE RON, AARON M. PERSEY       DV:
PORTER JANICE KINKADE         CHILD:
. ATTY PUB DEF                D.A. Memutti
RGES F (003) PC459 450 (?)    F (003) PC459 450 (?)         VIOLATION DATE
      F (003) PC496 (A)                                     09/17/2005

6-5-06    1:30  D 81 - PIC
6-12-06   8:30  D 81 - MTC

NEXT APPEARANCE

☑ Defendant Present ☐ Not Present    ☑ Atty Present _OKLefle_____    ☐ AD / PD / Legal Aide / Special App
☐ Arr'd ☐ Adv ☐ Arr Wav ☐ Amend Comp/Info ☐ Arr ☐ Plea ☐ IDC ☐ PTC ☑ Prob / Sent    ☐ Interpreter _____ ☐ Sworn
☐ PC977 ☐ Filed ☐ On File ☐ Reptr. Adv / Wav ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR/ ERC    ☐ Bail Apply ☐ Balance Exonerated
☑ NG ☐ Entered to CRT ☐ NGBRI / Adv    ☐ PSet ☐ Prelim ☐ Readiness ☐ S / B MTC    ☐ Bail Exonerated ☐ Forfeited    Bond # _____
☐ Denies Priors/ Allegations/ Enhancements/Refusal ☐ Further ☐ Jury ☐ CT ☐ Peo / Def Wav Jury    ☐ Reassumption Filed ☐ Forfeiture Set Aside ☐ Bail Rein
☐ TW ☑ TNW ☐ TW / WD ☐ TW Sentence    ☐ Ref'd_____    ☐ $_____ Costs Within 30 Days to Court
☐ Ref / Appt PD / AD / Legal Aide ☐ Conflict Decl ☐ APO / Prop 36    ☐ P36 Re-Asm't    SORP / OR ☐ Revoked ☐ Reinstated ☐ May Post & Forfeit
☐ _____Relieved_____Appt'd    ☐ Crim Proc Susp ☐ Rein    ☐ BW Ordered $_____    ☐ Stayed ☐ To Issue
☐ Hrg on Motion _____    ☐ Doubt Decl Pursuant PC 1368    ☐ No Cite Release/SCIT ☐ No Request ☐ Cash Only
☐ Granted ☐ Denied ☐ Submitted ☐ Off Cal    ☐ Subm on Report ☐ Found _____    ☐ BW Set Aside ☐ Recalled ☐ Filed
☐ Stip to Comm ☐ Drs. Appointed _____    ☐ Max Term _____ ☐ Committed _____    ☐ Proof of _____
☐ Prelim Wav ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____
☐ Amended to ☐ (M) VC12500(a) / VC23103(a) ☐ Pur VC23103.5 ☐ DA Stmt Filed  Other: ___/___WeeK___trial___est___
PLEA Conditions: ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP _____ ☐ Add to Cal
☐ Jail / Prison Term of _____
☐ Dismissal / Striking _____    ☐ Subm time of Sent ☐ Harvey Stip _____
☐ Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC12021 (110) ☐ VC14607.8/PC666
☐ Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena / Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia filed
☐ COP ☐ GUILTY ☐ NOLO CONTENDERE to charges & admits enhancements / allegations / priors ☐ PC17 ☐ Arbuckle ☐ Factual Basis found ☐ Findings stated
☐ Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Rein / Term  Fee $_____ ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ PROBATION DENIED    FINES/FEES: PAY TO ☐ Ref to DOR ☐ COURT ☐ TODAY
☐ Sentenced to _____ State Prison/County Jail ☐ Sent Suspended    COUNT____ $_____ + PA $_____ ☐ Purs HS11350d
PROBATION ☐ Execution ☐ Imposition of sentence suspended for probation period    COUNT____ $_____ + PA $_____
☐ COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs    AIDS / CPP  $_____ + PA $_____
☐ Report to APO within _____ Days ☐ Terminated ☐ Upon Release    DPF      $_____ + PA $_____
☐ Perform_____Hrs Volunteer Work as directed PO / SAP / CAP ☐ In lieu of fine    LAB      $_____ + PA $_____
☐ Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP    DRF /RF    $_____ Add'l RF $_____ Susp'd PC1202.45
☐ MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos  Enroll within _____ days    AEF      $_____ Original Fine $_____
☐ DL Susp/ Restr'd/ Rvk'd for _____ ☐ To, from, during Work/AlcoPrg/Jail/Sch/App    SECA     $_____ CTS PC2900.5  $ _____
☐ IID Not/Ordered/ Rmv'd Term _____ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed    NC       $_____ TOTAL DUE   $ _____
☐ No contact with victim or family / co-defts unless appr by APO ☐ PC1202.05    ASF /CPF   $_____ Payments Granted / Modified
☐ DVPO issued / mod /term'd Exp _____ ☐ Victim Present    AR       $_____ $_____/ Mo beginning _____
☐ Not own/possess deadly weapons ☐ Destroy / Return Weapon_____    SHELTER    $_____ FINE STAYED _____
☐ Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold    DV       $_____ Committed @ $_____/day ☐ May Pay Out
☐ Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft cnsl / prgm    ATTY     $_____ Consec/Conc to_____
☐ PC296 (DNA) ☐ PC1202.1 HIV Test / Education    $_____ Fine / Fees ☐ Deemed Satisfied ☐ Commuted
VOP: ☐ Wav ☐ Arr'd _____ ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP    P/INVEST   $_____ ☐ P/SUP $_____ /Mo ☐ Waived
Prob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to_____    CJAF ☐    $_____
☐ Original Terms & Conditions Except as Amended herein    ☐ Restitution $_____ to _____
☐ Co-terminous with_____ ☐ No Further Penalties / Reviews    ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civilly
JAIL/PRISON ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons    County Jail

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|-------|-----|-----------|-------------------|----------------------|--------------------|--------------------| 
|       |     |           |                   |                      |                    |                  |
|       |     |           |                   |                      |                    |                  |
|       |     |           |                   |                      |                    |                  |
|       |     |           |                   |                      |                    |                  |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|
|             |       |             |       |             |       |             |       |             |       |       |

CTS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ TOTAL DAYS    TOTAL TERM _____
☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec_____ All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP_____
☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____
☐ Bal CJ Susp ☐ All but _____Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU _____
☐ Pre-process_____ AM/PM ☐ Stay / Surrender / Transport to_____ @ _____ AM/PM or Sooner
☑ REMANDED-BAIL $_50K_____ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T ☐ P36
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BED
PROMISE TO APPEAR: I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.
BY _____ DEFENDANT

We have received your complaint against a California attorney and
have assigned it the number shown below. We will contact you when
our evaluation of your matter is complete.

Thank you for your patience.

OFFICE OF CHIEF TRIAL COUNSEL/INTAKE

Inquiry # ___ 06-20975

BF 1030 REV 4/99

INQUIRY #O6-20975

JAMES G STAMOS JR
CEN06023947-CJA905
MJ-AO-SEG 885 N. SAN PEDRO ST.
SAN JOSE, CA. 95110-

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA (HALL OF JUSTICE)

JAMES G. STAMOS JR                    CASE EE604989
    PETITIONER                        OBJECTIONS
                                      (07-05-06)
V.

PEOPLE OF THE STATE OF CA.
    RESPONDENTS

PUBLIC DEFENDER-MAIREAD-OKEEFE BAR #211495
    THIS REFLECTS INEFFECTIVE REPRESENTATION BY P.D.
ON 06/28/2006 DID NOT SHOW FOR COURT ⎫ 7-05-06  8/30/06
  * 06/19/2006  CANCELED TRIAL - (PC 1368)  ⎬ 8-09-06  9/18/06
    06/16/2006  MARSDEN/LIMLINE MOTIONS TRIAL 6/19/06  10/04/06
  * 06/21/2006  CANCELED TRIAL - 6-19-06 NO TRIAL  10/18/06
    06/09/2006  CANCELED TRIAL TO TALK TO ONE PERSON (IW)
    06/06/2006  MARSDEN BY ATTORNEY DENIED, NO PRETRIAL CON
  - 06/05/2006  DID NOT SHOW FOR COURT
    05-30-2006  FIRED - CONFLICT OF INTEREST -
① NO TIME WAIVED - DEMAND FOR JURY TRIAL IN 60 DAYS -
② AS FOR SPEEDY JURY TRIAL ARRAIGNMENT-04-12-2006 VR-
③ PUBLIC DEFENDERS ADVISED NO TIME WAIVED AND -
④ I DEMAND MY RIGHTS TO JURY TRIAL 60 CALENDAR DAYS
⑤ U.S. CONSTITUTION SIXTH AND FOURTEENTH AMMEND
⑥ AND ON 06/17/2006 YEAR, SHE PUBLIC DEFENDER, VISITED
⑦ AT COUNTY JAIL-ATTORNEY CLIENT-AND DID NOT-
⑧ SEEM TO MAKE ANY SENCE ARLE REMARKS AND REFUSED-
⑨ TO COOPERATE WITH MY REQUEST FOR DEFENSE INVEST.
10 RELATED TO EXPERT TESTIMONY TO PALM PRINT OR ? -
11 CALIFORNIA CRIMINAL DEFENSE PRACTICE DIV.1,
12 CRIMINAL JUSTICE SYSTEM. CHAPTER I THE CA. DEFENSE-
13 ADVOCATE (A) THE RIGHT TO COUNSEL (1.1) CA. CRIMINAL-
14 DEFENSE PRACTICES §§1.04 THE RIGHT TO COUNSEL
15 INCLUDES THE RIGHT TO EFFECTIVE ASSISTANCE OF
16 COUNSEL. PUBLIC DEFENDER HAS NOT BEEN EFFECTIVE
17 AND HAS NO DEFENSE, THE DUTIES HAVE NOT BEEN MET
18 OF A COMPETENT DEFENSE ATTORNEY-FAILURE HAS
19 RESULTED IN WITHDRAWL OF CRUCIAL OR POTENTIALLY
20 MERITORIOUS DEFENSE, DUE TO PUBLIC DEFENDERS
21 INEFFECTIVE ASSISTANCE. I REQUEST ATTORNEY FOR TRIA
X-06-29-06 V.R.

FORM TO [illegible] / NOTIFIED PD. I MAILED MOTION TO [illegible] / AND WRITTEN TO REPRESENT myself

## Page 31

(n14) Footnote 12. Penal Code § 1382(a)(1)(A), (a)(3)(A); see § 62.03[3][b], [c]

(n15) Footnote 13. Gregory v. Justice Court (1959) 168 Cal. App. 2d 719, 722, 336 P.2d 584.

(n16) Footnote 14. People v. Arnold (1980) 105 Cal. App. 3d 456, 459, 460, 164 Cal. Rptr. 367; People v. Hernandez (1979) 97 Cal. App. 3d 451, 454-455, 158 Cal. Rptr. 742; see also Bailon v. Appellate Division (2002) 98 Cal. App. 4th 1331, 120 Cal. Rptr. 2d 360 (when parties have specifically stipulated that particular day would be day 10 of 10-day trial period, even if incorrect about it the trial must be held by that date and no new 10-day trial period commences as result).

(n17) Footnote 15. See § §. 62.02, 62.03.

(n18) Footnote 16. Owens v. Superior Court (1980) 28 Cal. 3d 238, 248-253, 168 Cal. Rptr. 466, 617 P.2d 1098.; In re Lopez (1952) 39 Cal. 2d 118, 120, 245 P.2d 1; see § 62.04.

(n19) Footnote 17. Penal Code § 1382(c).

(n20) Footnote 18. In re Smiley (1967) 66 Cal. 2d 606, 631-632, 58 Cal. Rptr. 579, 427 P.2d 179.; People v. Byrd (1991) 233 Cal. App. 3d 1606, 810-811, 285 Cal. Rptr. 128.

(n21) Footnote 18.1. People v. Fyne (1998) 18 Cal. 4th 894, 77 Cal. Rptr. 2d 25, 959 P.2d 183.

(n22) Footnote 18.2. People v. Seaton (2001) 26 Cal. 4th 598, 110 Cal. Rptr. 2d 441, 28 P.3d 175.

(n23) Footnote 18.3. Barker v. Wingo (1972) 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (federal speedy trial right not waived when defendant remains silent); People v. Seaton (2001) 26 Cal. 4th 598, 110 Cal. Rptr. 2d 441, 28 P.3d 175 (waiver of state but not federal speedy trial right).

(n24) Footnote 19. See Penal Code § 1050(e).

## 62.06 Procedure for Exercising Right

### [1]—Generally

THE DEFENDANT MUST ASSERT THE RIGHT TO A SPEEDY TRIAL IN THE TRIAL COURT BEFORE TRIAL.n1 BY OBJECTION.n2 IF THE OBJECTION IS OVERRULED, THE DEFENDANT MUST MOVE TO DISMISS THE ACTION.n3

The right to a speedy trial must be asserted, if at all, in the trial court where the prosecution is pending and before the commencement of trial.n4 This right cannot be raised for the first time on appeal5 or by filing an extraordinary writ after a judgment of conviction.n6

Defense counsel should consider the tactical advantages of not asserting the defendant's right to a speedy trial. First, defense counsel will have more time to plea bargain and prepare for trial. Second, if the defendant is released on bail, he or she may not want to go to trial within the statutory period of time. Also, even if defense counsel succeeds in getting the case dismissed against the accused, the prosecutor may be able to refile the same charges against the defendant.7 However, a second dismissal for the same reason will be a bar to a third prosecution.8 A magistrate's denial of a speedy trial motion in a felony case does not reach the merits of guilt or innocence and is not binding upon the superior court, which must conduct a de novo hearing on the issue. A magistrate's ruling in favor of the defendant on a motion to dismiss for prosecutorial delay does not preclude relitigation of the issue in de novo proceeding, regardless of whether the motion was made before or after the preliminary hearing.9

### [2]—Objection to Delay

Although a literal reading of Penal Code Sections 1381.n10 1381.5.n11 and 1382.n12 would indicate that the trial court must dismiss an action sua sponte if the prosecution fails to comply with one of these statutory provisions, the courts have interpreted these provisions to require the defendant:

(1) To object to the trial date when it is set and then request a trial date within the statutory period of time, or

(2) To request a trial date before the expiration of the statutory period of time if the court does not set a trial date within the statutory period of time.

The objection serves a twofold purpose:

(1) It alerts the trial court to the potential of a speedy trial violation, so that it can rectify the situation before an actual speedy trial violation occurs by setting a trial date within the statutory period of time;n14 and

(2) It puts the burden on the prosecution to show good cause for the delay.n15

## Page 32

If the defendant fails to follow either of these procedures, his or her consent to the trial date, whenever it is set, will be presumed.n16

An oral objection to the trial date and an oral request for a trial date are customary. These actions must be taken in the court where the prosecution is pending and before commencement of trial.n17 The defendant may file a motion to dismiss the action for a denial of the right to a speedy trial.n19

### [3]—Motion to Dismiss Action for Denial of Right

If the defendant's objection to the trial date is overruled20 and the trial date is set beyond the statutory time limit, the trial court has no duty to dismiss the action. The accused must move in the trial court to dismiss the action in order to preserve a speedy trial claim for appeal.n21 This motion must be made as soon as reasonably possible after the expiration of the statutory time period and before trial.22 A motion made before the expiration of the time period is probably premature and ineffective, but a motion made on the day set for trial or after the jury is sworn is definitely too late.n23 The motion should be made far enough in advance of the date set for trial so that, if it is denied, there will be sufficient time before trial to file an extraordinary writ.n24

Although the motion to dismiss may be either oral or written, a written motion is preferred.n25 It may be made when it is made or at a later time set by the trial court. If the prosecutor at the hearing fails to show good cause for postponing the action,n26 the court must dismiss the action27 and either:

(1) Discharge the defendant, if the defendant is in custody,n28 or

(2) Exonerate the defendant's bail, if the defendant is admitted to bail.n29

For a discussion of the methods for reviewing the trial court's ruling, see § 62.07.

### [4]—FORM—Motion to Dismiss Action for Denial of Right

#### [a]—Comment

The following form illustrates a motion by the defendant for a pretrial hearing in superior court to dismiss the action for failing to bring it to trial within the statutory period of time. This motion should always be in writing, unless for some reason it is impossible to do so. Even then, a written motion should be tendered to the court.n30 It should be accompanied by a memorandum of points and authorities concerning the appropriate points of law, and may (in some jurisdictions the rule be required) the facts upon which the motion is based.n31 A court may construe the moving party's failure to provide a memorandum of points and authorities as an admission that the motion is without merit.n32 It is unclear whether express notice of the motion to the prosecution is necessary because there is no statutory procedure for filing this motion.n33 However, in the interest of fairness, and to avoid a continuance of the hearing, some notice should be given. This motion must be filed before trial in order to preserve the right to seek judicial review of its denial.n34 and it may be heard at any time before trial.

#### [b]—Form

SUPERIOR COURT OF CALIFORNIA.

COUNTY OF _____

```
PEOPLE OF THE STATE          )
OF CALIFORNIA,               )   Motion to Dismiss Action for Denial of Right
        Plaintiff,           )
vs.                          )   MOTION TO DISMISS
                             )   ) NO
        Defendant.           )
```

TO: The District Attorney, County of _____ and [name], Deputy District Attorney:

NOTICE IS HEREBY GIVEN that on [date and time], or as soon thereafter as the matter may be heard, in Department _____ of the above-entitled court, defendant, [name], will move the court for an order dismissing the action. This motion will be made on the grounds that defendant was denied his/her state and federal constitutional right to a speedy trial, as guaranteed by the [amendment number] Amendment to the United States Constitution and Section 15, Article I, of the California Constitution, respectively. This motion will also be made on the grounds that defendant was denied his/her state statutory right to a speedy trial as guaranteed by California Penal Code Section 1381(a)(b) because he/she was not brought to trial within 60 days after his/her arraignment on an indictment/information, and there was no good cause for delay beyond this period of time.

The motion is based on this notice of motion, the attached memorandum of points and authorities, the pleadings and records on file in this action, the transcript of the preliminary hearing, and all evidence to be presented at the hearing.

Dated: _____

10-13-2006 [signature] IN PART MEMORANDUM AUTHORITIES WRITTEN PART ONE [illegible] (ALL *) / 10-13-2006 [illegible]

Prosecutor engaged: Pen C § 1050(g) permits delays in certain types of cases if the prosecutor and attorney assigned to the case is engaged in a trial or hearing. Among the cases listed are Pen C §§ 1165.6 (sexual assault offenses), 1165.6 (child abuse or neglect), 187 (murder), 646.9 (stalking), 999g-999h (career criminals), and 13700 (domestic violence). A continuance under this exception is limited to a maximum of 10 additional court days.

Defendant's failure to appear: If a defendant has been ordered to appear for trial or a pretrial hearing, and fails to appear and a bench warrant is issued, the statutory 60 day time limit is commenced again, starting from the date the defendant next appears in court. (Pen C § 1382 (c))

Refiling: A felony charge which is dismissed on speedy trial grounds may be refiled. However, prosecution is barred after a second dismissal unless one of the grounds listed in Pen C § 1387(b) exists or the offense is a violent felony and the prosecution can establish 'excusable neglect' under Pen C § 1387.1.

West's Key Number Digest

West's Key Number Digest, Criminal Law 577.10

Legal Encyclopedias

C.J.S., Criminal Law §§ 583, 591, 593, 600-601, 604

END OF DOCUMENT

© 2005 Thomson/West

C.J.S., Criminal Law § 21:18

California Criminal Practice: Motions, Jury Instructions and Sentencing
Current through the 2005 update

Edward A. Rucker and Mark E. Overland
Chapter 21. Speedy Trial
V. Trial Delay

§ 21:19. Trial Delay (felony)--Points and authorities

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ____

PEOPLE OF THE STATE
OF CALIFORNIA,
Plaintiff,

v.

STAMOS SR,
Defendant.

Case No.: ____

POINTS AND AUTHORITIES
IN SUPPORT
OF MOTION
TO DISMISS

Defendant submits the following points and authorities in support of the motion to dismiss for violation of the defendant's statutory speedy trial rights:

*STAMOS SR.*

---

**I UNLESS GOOD CAUSE TO THE CONTRARY IS SHOWN, THE COURT MUST ORDER THE ACTION DISMISSED WHEN A DEFENDANT IS NOT BROUGHT TO TRIAL WITHIN THE STATUTORY PERIOD**

Pen C § 1382(a)(2) provides in part:

The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases:--

(2) When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information....

**II THE DEFENDANT IS NOT REQUIRED TO SHOW PREJUDICE WHEN THERE HAS BEEN A VIOLATION OF THE STATUTORY RIGHT TO SPEEDY TRIAL**

In Overby v. Municipal Court, 121 Cal. App. 3d 377, 382, 175 Cal. Rptr. 352 (1st Dist. 1981), the Court of Appeal held that a violation of this statutory right to speedy trial results in dismissal of the action, unless good cause for the continuance can be established.

When there has been a violation of the statutory guarantee of a speedy trial constitutional right, prejudice to the accused is presumed. He need not make any showing of actual prejudice. There is no balancing of his prejudice against the People's justification. Rather, the People have the burden of showing good cause for delay.

**III CONGESTION OF THE TRIAL COURT'S CALENDAR DOES NOT CONSTITUTE GOOD CAUSE TO DENY A MOTION TO DISMISS**

It is recognized that court congestion does not constitute good cause to satisfy the requirements of Penal Code § 1382. (Rhinehart v. Municipal Court, 35 Cal. 3d 772, 781, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984); People v. Johnson, 26 Cal. 3d 557, 162 Cal. Rptr. 431, 608 P.2d 738, 16 A.L.R.4th 1255 (1980).)

**IV THE TERM "BROUGHT TO TRIAL" MEANS CALLING THE CASE FOR TRIAL AND BEING READY THEREAFTER TO TRY THE MATTER TO ITS CONCLUSION**

The defendant must be "brought to trial" within the statutory period or the case dismissed, unless good cause can be shown. The court has defined what "brought to trial" means within the meaning of section 1382 when a case has been called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn. (Rhinehart v. Municipal Court, 35 Cal. 3d 772, 780, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984))

Notes

West's Key Number Digest

West's Key Number Digest, Criminal Law 577.10

Legal Encyclopedias

C.J.S., Criminal Law §§ 583, 591, 593, 600-601, 604

© 2005 Thomson/West

CACRIM.JIS § 21:19

INFO FILED MARCH ...

**Attorney for Defendant**

75

**Authorities**

Pen C § 1382(a)(2)

Rhinehart v. Municipal Court, 35 Cal. 3d 772, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984)

**Notes**

**Commentary**

**The statutory time period** in which a felony matter must be brought to trial is set forth in Pen C § 1382. The statutory scheme provides that in the absence of a showing of good cause for delay, an action must be dismissed if the defendant is not brought to trial within 60 calendar days of the date of arraignment on an indictment or information. (Pen C § 1382; the time is based upon "calendar days," not court days. (Owens v. Superior Court, 28 Cal. 3d 238, 243, 168 Cal. Rptr. 466, 617 P.2d 1098 (1980).) The deadline is the same for in-custody and out-of-custody defendants.

**Dismissal:** A violation of this statutory guarantee requires that the case be dismissed. The defendant need not make a showing of actual prejudice. There is no requirement to balance the prejudice to the defendant against the People's justification for the delay. Rather, the People have the burden of showing good cause for delay (Pen C § 1382, 175 Cal. Rptr. 352 (1st Dist. 1981))

**60 day mandatory setting:** The trial court is required to set all felony cases for trial within 60 calendar days of the date of the arraignment. (People v. Municipal Court, 121 Cal. Rptr. 1050 for setting a later date. (Pen C § 1049.5)

**10-day trailing period:** If a defendant consents to or requests a date beyond the initial 60 day statutory period, a 10-day "trailing period" is statutorily added after the last day to which the defendant consented that trial be commenced. (Pen C § 1382, (a)(2)(B)) However, if the case is continued beyond the initial statutory period for good cause, there is no 10-day trailing period set. (Truman v. Superior Court, 29 Cal. App. 3d 129, 105 Cal. Rptr. 93 (2d Dist. 1972))

**Stipulated trailing period:** If defendant "unilaterally" agrees to a non-statutory trailing period beyond the statutory 10-day trailing period contained in Pen C § 1382(a)(2)(B), then the non-statutory trailing period does not commence to run until the end of the non-statutory trailing period. For example, if a case is continued to June 1 and the defense unilaterally agrees that this date will be considered day "0 of 20," meaning a 20 day trailing period from June 1. The courts have held that this stipulation constitutes consent to continue the case to June 20 plus the 10-day statutory trailing period. (People v. Griffin, 235 Cal. App. 3d 1740, 1 Cal. Rptr. 2d 620 (4th Dist. 1991)) However, if both the prosecution and defense stipulate to a non-statutory trailing period, (e.g. 15 or 20 days), then they have both waived their rights to the statutory 10-day grace period and have stipulated that the end of the non-statutory trailing period is the last day for trial. (Medina v. Superior Court, 79 Cal. App. 4th 1280, 1287, 94 Cal. Rptr. 2d 770 (2d Dist. 2000)) Both sides may also stipulate to a shorter trailing period, or even waive the statutory 10-day trailing period altogether and agree to a specific date that is truly the last day for trial. (Baslon v. Superior Court, 98 Cal. App. 4th 1131, 1137, 99 Cal. App. 4th 1151, 120 Cal. Rptr. 2d 360 (2d Dist. 2002))

**When trial is commenced:** The statutory period for the commencement of trial has been determined by the California Supreme Court as occurring when the case is called for trial by a judge available to try the case to its conclusion, the court has committed its resources to the trial, before a panel of jurors

76

summoned and sworn. (Rhinehart v. Municipal Court, 35 Cal. 3d 772, 780, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984).) There must be a good faith commencement of the trial process, not just a sham device to avoid the impact of the statute. (Sanchez v. Municipal Court, 97 Cal. App. 3d 806, 159 Cal. Rptr. 91 (1979); People v. Cory, 157 Cal. App. 3d 1094, 204 Cal. Rptr. 117 (2d Dist. 1984).)

**Good Cause:** Dismissal is required only if the case is continued beyond the statutory period. (Pen C § 1382(a)) What constitutes good cause depends on the circumstances of each case: (1) the court or the Sheriff is the cause of the delay. (Owens v. Superior Court, 28 Cal. 3d 238, 250, 168 Cal. Rptr. 466 (1980)); the statutory period constitutes consent; (People v. Wilson, 60 Cal. 2d 139, 32 Cal. Rptr. 44, 383 P.2d 452 (1963)) To preserve the defendant's right to speedy trial, an objection must be made at the time the case is set for trial beyond the statutory period and the defendant must have moved to dismiss the case after the time limit expires and before trial commences. (People v. Wilson, 60 Cal. 2d 139, 32 Cal. Rptr. 44, 383 P.2d 452 (1963))

**Waiver of speedy trial:** The defendant can request, or consent to a trial date beyond the initial statutory period. Any consent beyond the statutory period is indefinite. (People v. Johnson, 26 Cal. 3d 557, 162 Cal. Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255 (1980))

**Waiver over defendant's objection:** The statutory right to speedy trial is not personal to the defendant, and can be waived by counsel over the defendant's objection, unless being "ineffective" counsel is appointed, and the defendant objects. The right to continue a case over the defendant's objection may not be valid if it is done to resolve a calendar conflict of counsel, and not for the defendant's benefit. The court must inquire whether another member of counsel's office or firm who could bring the case to trial within the statutory period, and not whether any newly-appointed counsel would be prepared for trial. (People v. Johnson, 26 Cal. 3d 557, 162 Cal. Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255 (1980))

**General waiver:** If counsel enters a "general time waiver," so that no trial date is initially set, then the statutory period does not commence until the general waiver is withdrawn. (Pen C § 1382(a)(2)(A))

**Co-defendant continuances:** If two or more codefendants are joined, and the court for good cause continues the case of one codefendant, on motion of the prosecutor, there is good cause to continue all the joined defendants. (Pen C § 1050.1)

**Co-defendant continuances:** "[W]hile the preference for joint trial stated in section 1098 serves judicial economy and the convenience of the court and counsel, such a joint trial cannot subordinate the defendant's state constitutional right to a speedy trial without a showing of exceptional circumstances." (Sanchez v. Superior Court, 131 Cal. App. 3d 884, 893, 182 Cal. Rptr. 703 (2d Dist. 1982)) A trial court abuses its discretion and denies a defendant's constitutional right to a speedy trial by continuing his trial beyond the speedy trial date, where the sole reason for the continuance is to maintain a joint trial with a codefendant. The court must weigh any competing factors, such as the length of the delay, whether the continuance is necessary to adequately prepare the codefendant's case, and the defendant's statutory speedy trial right. (Arroyo v. Superior Court, 119 Cal. App. 4th 460, 14 Cal. Rptr. 3d 462 (4th Dist. 2004))

**Amendment to the charges:** For an amendment to the information to toll the running of the statutory period, the amendment must go to the substance of the charges and included offenses are not considered substantial changes. (Huerta v. Superior Court, 11 Cal. App. 4th 589, 593, 110 Cal. Rptr. 843 (4th Dist. 1994))

JAMES G STAMOS JR
CEN# 0G023947-CJA905
MJ-4C-46 AD-SEC
885 N. SAN PEDRO ST.
SAN JOSE, CA 95110
ORIGINAL MAILED-08/02/06 (SAME)
WITH SUPPLEMENTAL;

SUPERIOR COURT OF CALIFORNIA (D-24)
COUNTY OF SANTA CLARA HALL OF JUSTICE.

JAMES G STAMOS JR
 PETITIONER

V.

PEOPLE OF THE STATE OF CA.
 RESPONDENTS

CASE# EE604982
STATEMENT OF
DISQUALIFICATION
UNDER CODE OF CIVIL
PROCEDURES §§ 170(a)(6)
(NOTES COPY)

X I JAMES G STAMOS JR
PETITIONER IN THIS ACTION DECLARE THAT-JUDGE
JEAN HIGH WETENKAMP THE JUDGE BEFORE WHOM THE
TRIAL OF THE ACTION IS PENDING, IS PREJUDICED.
AGAINST ME, DEFENDENT SO THAT I CAN NOT HAVE A
FAIR AND IMPARTIAL TRIAL BEFORE SUCH JUDGE, THE
FACTS WHICH CONSTITUTE PREJUDICE ARE AS FALLOWS
ON 06-16-06. MARSDEN. JUDGE STATED I WAS PLAYING,
GAMES, AND COUCHED PUBLIC DEFENDER HOW TO PRO-
-LONG TRIAL NEAR ITS GO DAYS, AND CANCEL PROCEEDING
ON 06-19-2006, B/C OF ATTORNEY DOING WHAT THE JUDGE TOLD
, SUGGESTED, WHEN IT DID NOT APPLY. I DECLARE UNDER PENAL
OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT
WRITTEN AT SAN JOSE CA. ON 8/01/06 [signature]
 PETITIONER/DEF

-ORIGINAL U.S. MAILED JULY.13.2006 YEAR (NOTES)
2ND -8/02/06 > 3R/8/29/06 DUPLICATED.
3.60 CALIFORNIA CRIMINAL DEFENSE PRACTICE §§ 60.04(4)

CR-175

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

JAMES G. STAMOS JR T56728 · B-1 ASIDE (227)
POST OFFICE BOX 4999
DELANO, CALIFORNIA 93216-4999
TELEPHONE NO.: NKSP- AC
E-MAIL ADDRESS *(optional):*
FAX NO.:
ATTORNEY FOR *(Name):*

(ENDORSED)
F I L E D
MAY 1 4 2007
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY S. Chua DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

In re
DEFENDANT: JAMES G. STAMOS JR , on habeas corpus
Date of birth: 09/07/1968 California Dept. of Corrections No. *(if applicable):* T56728

| NOTICE AND REQUEST FOR RULING COPY OF) <br> (Cal. Rules of Court, rule 4.551(a)(3)(B)) | CASE NUMBER(S): <br> EE604989 |
|---|---|

I, JAMES G. STAMOS JR filed a petition for writ of habeas corpus in the above entitled case in the Superior Court of California, County of *(name):* SANTA CLARA —— on *(date):* NOV. EIGHTH, 2006 YEAR-

As of this date, I have not received a ruling on the petition within 60 days of filing as required by rule 4.551(a)(3)(A) of the California Rules of Court. Therefore, I request that the court rule on the petition. (California Rules of Court, rule 4.551(a)(3)(B).) ~~A copy of the original petition for writ of habeas corpus is attached to this Notice and Request for Ruling.~~ (NULL OR VOID)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(Date: JAN. 20th 2007 YR)
JAMES G. STAMOS JR- X _(signature)_ 01/20/2007 YR
(TYPE OR PRINT NAME)                    (SIGNATURE)

COPY

NOTICE AND REQUEST FOR RULING
(Criminal)

Cal. Rules of Court, rule 4.551(a)(3)(B)

American LegalNet, Inc.
www.USCourtForms.com

CEN
DATE _____ DEPT. _____

OPLE VS. _____
.A. _____

CLERK _____
HEARING _____
AGENCY _____
STATUS _____

OGE _____
PORTER _____
F. ATTY PUBLIC DEFENDER    D.A. _____
ARGES _____

APO

VIOLATION DATE
04/__/2008

**NEXT APPEARANCE** _____

☑ Defendant Present ☐ Not Present    ☑ Atty Present _____ AD / PD / Legal Aide / Special App
☐ Arr'd ☐ Adv ☐ Arr Wav ☐ Amend Comp/Info ☐ Arr ☐ Plea ☐ IDC ☐ PTC ☐ Prob / Sent    ☐ Interpreter _____ ☐ Sworn
☐ PC977 ☐ Filed ☐ On File ☐ Reptr. Adv / Wav ☐ Bail/ OR/ SORP ☐ Rect Dr Rpt ☐ FAR/ ERC    ☐ Bail Apply ☐ Balance Exonerated
☐ NG ☐ Entered by CRT ☐ NGBRI / Adv    ☐ PSet ☐ Prelim ☐ Readiness ☐ S / B MTC    ☐ Bail Exonerated ☐ Forfeited    Bond # _____
☐ Denies Priors/ Allegations/ Enhancements/Refusal ☐ Further ☐ Jury ☐ CT ☐ Peo / Def Wav Jury    ☐ Reassumption Filed ☐ Forfeiture Set Aside ☐ Bail Rein
☐ TW ☐ TNW ☐ TW / WD ☐ TW Sentence    ☐ Ref'd _____    ☐ $ _____ Costs Within 30 Days to Court
☐ Ref / Appt PD / AD / Legal Aide ☐ Conflict Decl ☐ APO / Prop 36 ☐ P36 Re-Assm't    SORP / OR ☐ Revoked ☐ Reinstated ☐ May Post & Forfeit
☐ _____ Relieved _____ Appt'd ☐ Crim Proc Susp ☐ Rein    ☐ BW Ordered $ _____ ☐ Stayed ☐ To Issue
☐ Hrg on Motion _____ ☐ Doubt Decl Pursuant PC 1368    ☐ No Cite Release/SCIT ☐ No Request ☐ Cash Only
☐ Granted ☐ Denied ☐ Submitted ☐ Off Cal ☐ Subm on Report ☐ Found _____    ☐ BW Set Aside ☐ Recalled ☐ Filed
☐ Stip to Comm ☐ Drs. Appointed _____ ☐ Max Term _____ ☐ Committed _____    ☐ Proof of _____
☐ Prelim Wav ☐ Certified to General Jurisdiction ☐ MDA / COM Amended to _____
☐ Amended to ☐ (M) VC12500(a) / VC23103(a) ☐ Pur VC23103.5 ☐ DA Stmt Filed  Other: _____

**PLEA Conditions:** ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP _____ ☐ Add to Cal
☐ Jail / Prison Term of _____
☐ Dismissal / Striking _____ ☐ Subm time of Sent ☐ Harvey Stip _____
☐ Adv ☐ Max Pen ☐ Parole/Prob ☐ Appeal ☐ Immig ☐ Reg PC290/HS11590/PC457.1/PC186.30 ☐ Future Serious Felony ☐ PC12021 (110) ☐ VC14607.8/PC666
☐ Wav Right to ☐ Counsel ☐ Court / Jury Trial ☐ Subpoena / Confront / Examine Witnesses ☐ Self-incrimination ☐ Written Waiver filed ☐ Plea / Absentia filed
☐ COP ☐ **GUILTY** ☐ **NOLO CONTENDERE** to charges & admits enhancements / allegations / priors ☐ **PC17** ☐ Arbuckle ☐ Factual Basis found ☐ Findings stated
☐ Prop 36 Granted / Unamenable / Refused / Term ☐ DEJ Eligibility Filed ☐ DEJ Granted / Rein / Term  Fee $ _____ ☐ Guilty Plea Rendered
☐ Waives Referral ☐ Ref'd to APO Full Rpt ☐ **PROBATION DENIED**    **FINES/FEES:  PAY TO** ☐ Ref to DOR ☐ COURT ☐ TODAY
☐ Sentenced to _____ State Prison/County Jail ☐ Sent Suspended    COUNT _____ $ _____ + PA $ _____ ☐ Purs HS11350d
☐ **PROBATION** ☐ Execution ☐ Imposition of sentence suspended for probation period    COUNT _____ $ _____ + PA $ _____
☐ COURT ☐ FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs    AIDS / CPP  $ _____ + PA $ _____
☐ Report to APO within _____ Days ☐ Terminated ☐ Upon Release    DPF  $ _____ + PA $ _____
☐ Perform _____ Hrs Volunteer Work as directed PO / SAP / CAP ☐ in lieu of fine    LAB  $ _____ + PA $ _____
☐ Not drive w/o valid DL & Ins ☐ Adv VC23600 ☐ HTO ☐ Delete FOP/MOP    DRF /RF  $ _____ Add'l RF $ _____ Susp'd PC1202.45
☐ MOP ☐ FOP ☐ 12 hrs ☐ 3 mos ☐ 6 mos  Enroll within _____ days    AEF  $ _____ Original Fine $ _____
☐ DL Susp/ Restr'd/ Rvk'd for _____ ☐ To, from, during Work/AlcoPrg/Jail/Sch/Appt    SECA  $ _____ **CTS PC2900.5**  $ _____
☐ IID Not/Ordered/ Rmv'd Term _____ Yrs ☐ DSA thru APO / DOR / CRT ☐ Filed    NC  $ _____ **TOTAL DUE**  $ _____
☐ No contact with victim or family / co-defts unless appr by APO ☐ PC1202.05    ASF /CPF  $ _____ Payments Granted / Modified
☑ DVPO issued / mod /term'd Exp _____ ☑ Victim Present    AR  $ _____ $ _____ / Mo beginning _____
☐ Not own/possess deadly weapons ☐ Destroy / Return Weapon _____    SHELTER  $ _____ FINE STAYED _____
☐ Submit Search/Testing ☐ Educ/Voc Trng/Empl ☐ No alcohol / drugs or where sold    DV  $ _____ Committed @ $ _____ /day ☐ May Pay Out
☐ Substance Abuse, DV, Psych, Parenting, Anger Mgmt, Theft cnsl / prgm    ATTY  $ _____ Consec/Conc to _____
☐ PC296 (DNA) ☐ PC1202.1 HIV Test / Education    $ _____ Fine / Fees ☐ Deemed Satisfied ☐ Commuted
☐ **VOP:** ☐ Wav ☐ Arr'd _____ ☐ Admits/Denies Viol ☐ Court Finds VOP / No VOP    P/INVEST  $ _____ ☐ P/SUP $ _____ /Mo ☐ Waived
☐ Prob Rein / Mod / Term'd / Revoked / Remains Revoked / Ext to _____    CJAF ☐  $ _____
☐ Original Terms & Conditions Except as Amended herein    ☐ Restitution $ _____ to _____
☐ Co-terminous with _____ ☐ No Further Penalties / Reviews    ☐ To be determined by APO/Court ☐ Referred to VWAC ☐ Collect Civilly
☐ **JAIL/PRISON** ☐ See Attachm't Pg for Add'l Orders, Charges, PC1385 Reasons    County Jail

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|-------|-----|-----------|-------------------|----------------------|--------------------|------------------|
|       |     |           |                   |                      |                    |                  |
|       |     |           |                   |                      |                    |                  |
|       |     |           |                   |                      |                    |                  |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|

CTS = _____ ACT + _____ ☐ PC4019 ☐ PC2933.1 = _____ TOTAL DAYS _____ TOTAL TERM _____
☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec _____ All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP _____
☐ Sent Deemed Served ☐ Rpt to Local Parole ☐ Adv of _____ Yrs Parole/Appeal Rights ☐ Consec ☐ Conc to _____
☐ Bal CJ Susp ☐ All but _____ Hrs/Days/Mos ☐ On Cond Complete Residential Treatment Prgm ☐ Serve Consec MO/TU/WE/TH/FR/SA/SU _____
☐ Pre-approved _____ AM/PM ☐ **Stay / Surrender / Transport to** _____ @ _____ AM/PM or Sooner
☐ REMANDED-BAIL $ _____ ☐ NO BAIL ☐ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASSM'T ☐ P36
☐ AS COND OF SORP ☐ BAIL INCREASED / REDUCED ☐ TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL ☐ UPON AVAIL BED
**PROMISE TO APPEAR:** I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.
BY _____ **DEFENDANT**

FORCED TO TRIAL — ... — NOTIFIED PD I MAILE MOTION TO DISMISS AND FAILURE TO REPRESENT MYSELF

---

**Left page (31)**

(n14) Footnote 12. *Penal Code § 1381(a)(D)(A), (a)(3)(A) ; see § 62.02[B][b], [c].*

(n15) Footnote 13. *Gregory v. Justice Court (1959) 168 Cal. App. 2d 719, 722, 336 P.2d 584.*

(n16) Footnote 14. *People v. Arnold (1980) 105 Cal. App. 3d 456, 459, 460, 164 Cal. Rptr. 367 ; People v. Hernandez (1979) 97 Cal. App. 3d 451, 454-455, 158 Cal. Rptr. 742 ; see also Barker v. Appellate Division (2002) 98 Cal. App. 4th 1351, 120 Cal. Rptr. 2d 560* (when parties have specifically stipulated that particular day would be day 10 of 10-day trial period, even if incorrect about it the trial must be held by that date and no new 10-day trial period commences as result).

(n17) Footnote 15. *See § § 62.02, 62.03.*

(n18) Footnote 16. *Owens v. Superior Court (1980) 28 Cal. 3d 238, 248-255, 168 Cal. Rptr. 466, 617 P.2d 1098 , In re Lopez (1952) 39 Cal. 2d 118, 120, 245 P.2d ; see § 62.04*

(n19) Footnote 17. *Penal Code § 1382(a).*

(n20) Footnote 18. *In re Smiley (1967) 66 Cal. 2d 606, 631-632, 58 Cal. Rptr. 579, 427 P.2d 179 ; People v. Byrd (1991) 233 Cal. App. 3d 806, 810-811, 285 Cal. Rptr. 128*

(n21) Footnote 18.1 . *People v. Fyre (1998) 18 Cal. 4th 894, 77 Cal. Rptr. 2d 25, 959 P.2d 183 .*

(n22) Footnote 18.2 . *People v. Season (2001) 26 Cal. 4th 598, 110 Cal. Rptr. 2d 441, 28 P.3d 175 .*

(n23) Footnote 18.3 . *Barker v. Wingo (1972) 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101* (federal speedy trial right not waived when defendant remains silent), *People v. Season (2001) 26 Cal. 4th 598, 110 Cal. Rptr. 2d 441, 28 P.3d 175* (waiver of state but not federal speedy trial right).

(n24) Footnote 19. *See Penal Code § 1030(a).*

## § 62.06 Procedure for Exercising Right

### [1]—Generally

The right to a speedy trial must be asserted, if at all, in the trial court where the prosecution is pending and before the commencement of trial.n4 This right cannot be raised for the first time on appeals5 or by filing an extraordinary writ after a judgment of conviction.n6

Defense counsel should consider the tactical advantages of not asserting the defendant's right to a speedy trial. First, defense counsel will have more time to plea bargain and prepare for trial. Second, if the defendant is released on bail, he or she may not want to go to trial within the statutory period of time. Also, even if defense counsel succeeds in getting the case dismissed against the accused, the prosecutor may be able to refile the same charge against the defendant.n7 However, a second dismissal for the same reason will be a bar to a third prosecution.n8 A magistrate's dismissal of a speedy trial case does not reach the merits of guilt or innocence and is not binding upon the superior court, which must conduct a de novo hearing on the issue. A magistrate's ruling in favor of the defendant on a motion to dismiss for prosecutorial delay does not preclude relitigation of the issue in the de novo proceeding, regardless of whether the motion was made before or after the preliminary hearing.n9

### [2]—Objection to Delay

Although a literal reading of Penal Code Sections 1381 ,n10 1381.5 ,n11 and 1382 n12 would indicate that the trial court must dismiss an action sua sponte if the prosecution fails to comply with one of these statutory provisions, the courts have interpreted these provisions to require the defendant to:n13

(1) To object to the trial date when it is set and then request a trial date before the expiration of the statutory period of time, or

(2) To request a trial date before the expiration of the statutory period of time if the court does not set a trial date within the statutory period of time.

The objection serves a twofold purpose.

(1) It alerts the trial court to the potential of a speedy trial violation, so that it can rectify the situation before an actual speedy trial violation occurs by setting a trial date within the statutory period of time;n14 and

(2) It puts the burden on the prosecution to show good cause for the delay.n15

---

**Right page (32)**

THE DEFENDANT MUST ASSERT THE RIGHT TO A SPEEDY TRIAL IN THE TRIAL COURT BEFORE TRIAL.n1 BY OBJECTION.n2 IF THE OBJECTION IS OVERRULED, THE DEFENDANT MUST MOVE TO DISMISS THE ACTION.n3

If the accused fails to follow either of these procedures, his or her consent to the trial date, wherever it is set, will be presumed.n16

An oral objection to the trial date and an oral request for a trial date are customary. These actions must be taken in the court where the prosecution is pending and before commencement of trial.n17 Defense counsel should make certain that his or her objections are noted in the record in order to preserve them for appeal.n18 If the objection is overruled and the defendant is not brought to trial within the statutory period of time, the defendant may file a motion to dismiss the action for a denial of the right to a speedy trial.n19

### [3]—Motion to Dismiss Action for Denial of Right

If the defendant's objection to the trial date is overruled,n20 and the trial date is set beyond the statutory time limit, the trial court has no duty to dismiss the action. The accused must move in the trial court to dismiss the action in order to preserve a speedy trial claim for appeal.n21 This motion must be made as soon as reasonably possible after the expiration of the statutory time period and before trial.n22 A motion made before the expiration of the time period is probably premature and ineffective, but a motion made on the day set for trial or after the jury is sworn is definitely too late.n23 The motion should be made far enough in advance of the trial set that, if it is denied, there will be sufficient time before trial to file an extraordinary writ.n24

Although the motion is made by either oral or written, a written motion is preferred.n25 It may be heard when it is made or at a later time set by the trial court. If the prosecutor at the hearing fails to show good cause for postponing the trial,n26 the court must dismiss the action27 and either:

(1) Discharge the defendant, if the defendant is in custody,n28 or

(2) Exonerate the defendant's bail, if the defendant is admitted to bail.n29

For a discussion of the methods for reviewing the trial court's ruling, see § 62.07.

### [4]—FORM—Motion to Dismiss Action for Denial of Right

#### [a]—Comment

The following form illustrates a motion by the defendant for a pretrial hearing in superior court to dismiss the action for failing to bring it to trial within the statutory period of time. This motion should always be in writing, unless for some reason it is impossible to do so. Even though a written motion should be rendered to the trial court,n30 it should be accompanied by a memorandum of points and authorities concerning the appropriate points of law, and one or more declarations that state the facts upon which the motion is based.n31 A court may construe the moving party's failure to provide a memorandum of points and authorities as an admission that the motion is without merit.n32 It is unclear whether express notice of the motion to the prosecution is necessary because there is no statutory procedure for filing this motion.n33 However, since the motion affects the substantial rights of the people, some notice should be given. This motion must be filed before oral in order to preserve the right to seek judicial review of its denial.n34 and it may be heard at any time before trial.

#### [b]—Form

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF _____

PEOPLE OF THE STATE )
OF CALIFORNIA, )
  Plaintiff, ) Motion to Dismiss Action for Denial of Right
vs. ) NO. _____
 ) MOTION TO DISMISS
Defendant. )

TO: The District Attorney, County of _____, and [name ], Deputy District Attorney:

NOTICE IS HEREBY GIVEN that on [date and time ], or as soon thereafter as the matter may be heard, in Department _____ of the above-entitled court, defendant, [ will move for an order dismissing the action. This motion will be made on the grounds that defendant was denied his/her state and federal constitutional rights to a speedy trial, as guaranteed by California Constitution, Article I, Section 15, and the Fourteenth Amendment to the United States Constitution, respectively. This motion will also be made on the grounds that defendant was denied his/her state statutory right to a speedy trial as guaranteed by California Penal Code Section 1382(a)(l) because he/she was not brought to trial within 60 days after his/her arraignment on an indictment/information, and there was no good cause for delay beyond this period of time

The motion is based on this notice of motion, the attached memorandum of points and authorities, the pleadings and records on file in this action, the transcript of the preliminary hearing, and all evidence to be presented at the hearing.

Dated: _____

misdemeanor may not challenge on appeal the denial of a motion to dismiss on constitutional or statutory speedy trial grounds.n29 1 The Second Appellate District, Division Four is in agreement with Egbert, in rejecting Avila outright.n29 2

[3]–Grant of Motion

If the trial court grants the dismissal motion as to all or part of the action, the prosecution has three options. It may immediately:

(1) Appeal the trial court's order.n30

(2) Petition for a pretrial writ of mandate directing the trial court to proceed with the action, if the statutory time period is about to run.n31 or

(3) Refile the charge against the defendant, in certain circumstances.n32

However, if the prosecution appeals or obtains any review of an appellate decision, the appellate decision binds the prosecution, the district attorney may not refile the appealed case.n33

FOOTNOTES:

n1 Footnote 1. See [1], below.

n2 Footnote 2. See [2], below.

n3 Footnote 3. See § 62.06[3].

n4 Footnote 4. People v. Wilson (1963) 60 Cal. 2d 139, 149-150, 32 Cal. Rptr. 44, 383 P.2d 452 ; see Ch. 102, "Extraordinary Writs."

n5 Footnote 5. People v. Wilson (1963) 60 Cal. 2d 139, 146, 32 Cal. Rptr. 44, 383 P.2d 452 ; see Ch. 101, "Appeal."

n6 Footnote 6. In re Crow (1971) 4 Cal. 3d 613, 623 n.9, 94 Cal. Rptr. 254, 483 P.2d 1206.

n7 Footnote 7. Townsend v. Superior Court (1975) 15 Cal. 3d 774, 779, 126 Cal. Rptr. 251, 543 P.2d 619.

n8 Footnote 8. See § 62.06[2].

n9 Footnote 9. See § 62.06[3].

n10 Footnote 10. See Penal Code § 1387; see also § 62.08.

n11 Footnote 11. In re Crow (1971) 4 Cal. 3d 613, 622, n.9, 94 Cal. Rptr. 254, 483 P.2d 1206.

n12 Footnote 12. In re Dixon (1953) 41 Cal. 2d 756, 759, 264 P.2d 513 (ignorance of law and lack of funds to obtain transcript were not special circumstances), see Ch. 102, "Extraordinary Writs."

n13 Footnote 13. See § 62.06[3].

n14 Footnote 14. People v. Wilson (1963) 60 Cal. 2d 139, 146, 32 Cal. Rptr. 44, 383 P.2d 452 ; see Ch. 101, "Appeal."

n15 Footnote 15. Avila v. Municipal Court (1983) 148 Cal. App. 3d 807, 810-813, 196 Cal. Rptr. 286.

n16 Footnote 16. People v. Riedl (1977) 76 Cal. App. 3d 702, 712, 143 Cal. Rptr. 233 ; see Ch. 101, "Appeal."

n17 Footnote 17. See People v. Wilson (1963) 60 Cal. 2d 139, 151, 32 Cal. Rptr. 44, 383 P.2d 452 (decided under former Cal. Const. art. VI, § 4, which is substantially similar to Cal. Const. art. VI, § 13).

n18 Footnote 18. People v. Johnson (1980) 24 Cal. 3d 557, 574-575, 168 Cal. Rptr. 431, 606 P.2d 738.

n19 Footnote 19. See § § 62.02[3], 62.03, 62.04.

n20 Footnote 20. See § 62.02[3].

n21 Footnote 21. See § 62.02[3].

n22 Footnote 22. See § 62.03[1].

n23 Footnote 23. People v. Sykes v. Superior Court (1973) 9 Cal. 3d 83, 88-89, 106 Cal. App. 786, 507 P.2d 90 (writ), People v. Wilson (1963) 60 Cal. 2d 139, 151-152, 32 Cal. Rptr. 44, 383 P.2d 452 (appeal), People v. Escarega (1986) 186 Cal. App. 3d 379, 387, 230 Cal. Rptr. 638 (prejudice to defendant making); People v. George (1983) 144 Cal. App. 3d 956, 961, 193 Cal. Rptr. 9 (judgment should not be reversed on speedy trial grounds unless further prosecution of underlying offense would have been barred had pretrial motion been granted).

n24 Footnote 24. See § 62.06.

n25 Footnote 25. People v. Siltsworth (1990) 218 Cal. App. 3d 837, 839-841, 267 Cal. Rptr. 280; People v. Droughton (1980) 103 Cal. App. 3d 471, 473-474, 164 Cal. Rptr. 440.

35

---

n27 Footnote 27. Avila v. Municipal Court (1983) 148 Cal. App. 3d 807, 812, 196 Cal. Rptr. 286

n28 Footnote 28. People v. Siltsworth (1990) 218 Cal. App. 3d 837, 839-841, 267 Cal. Rptr. 280

n29 Footnote 29. People v. Hernandez (1992) 6 Cal. App. 4th 1355, 1360, 8 Cal. Rptr. 2d 324.

n30 Footnote 30. People v. Egbert (1997) 59 Cal. App. 4th 503, 68 Cal. Rptr. 2d 913

n31 Footnote 31. People v. Aguilar (1998) 61 Cal. App. 4th 615, 71 Cal. Rptr. 2d 411.

n32 Footnote 32. People v. Lenthmdi (1980) 103 Cal. App. 3d 393, 394, 163 Cal. Rptr. 68; People v. Benavidez (1979) 91 Cal. App. 3d 264, 154 Cal. Rptr. 552, see also Ch. 101, "Appeal."

n33 Footnote 33. See Ch. 101, "Extraordinary Writs."

n34 Footnote 34. See Ch. 101, "Appeal," see also § 62.08.

n35 Footnote 35. Penal Code § 1238(b); see Ch. 101, "Appeal," see also § 62.08.

## § 62.08 Refiling Charges

**THE PROSECUTOR MAY NOT REFILE A MISDEMEANOR CHARGE DISMISSED ON SPEEDY TRIAL GROUNDS, BUT MAY REFILE A FELONY CHARGE ONCE OR, IN SOME INSTANCES, TWICE**

If an action is dismissed pursuant to Penal Code Section 1381,n1 1381.5, n2 or 1382,n3 the district attorney may not refile that charge if it is a misdemeanor. A felony or a misdemeanor charged together with a felony, which was previously terminated pursuant to those statutes or pursuant to Penal Code Section 859b, 861, 871, 995 or 1385, also may not be refiled, unless, subsequent to the dismissal, the judge or magistrate finds that substantial new evidence has been discovered by the prosecution that would not have been known through the exercise of due diligence at or before the time the case was terminated, the termination of the case was the result of intimidation of a material witness, or the termination was of an action involving a certain domestic violence offensen4 that was the result of the failure of the complaining witness to appear after being personally subpoenaed.n5 However, an order terminating an action is not a bar to another prosecution for the same offense if it is a misdemeanor charging an offense based on an act of domestic violence and the action's termination was the result of the failure to appear by the complaining witness, who had been personally subpoenaed.n6

Dismissals on other grounds also may or may not serve as a bar to reprosecution.n7 This subject is discussed further in Chapter 40, "Accusatory Pleadings."

If both the prosecution and the defendant expressly consent to do so, the trial court may proceed on the existing accusatory pleading in lieu of issuing an order terminating the action, and the action will be deemed as having been previously terminated for purposes of Penal Code Section 1387.n8

When a prosecution has been dismissed under Penal Code Section 1387 and the defendant is accused of an offense that is a violent felony as defined in Penal Code Section 667.5, the prosecution is permitted one additional opportunity to refile charges, if either of the two prior dismissals were due to excusable neglect and the prosecution's conduct did not amount to bad faith.n9 as discussed in Chapter 40, "Accusatory Pleadings." Special circumstance allegations and enhancement allegations are subject to the bar on reprosecution when twice dismissed, as discussed above.n9 1

The purpose of Penal Code Section 1387 is to prevent improper repeated attempts to prosecute a defendant.n10 The refiling of a charge, regardless of whether it is a new or different charge, starts a new statutory time period within which the defendant must be brought to trial.n11 If the action is not individually terminated, and on express consent of the parties, the court proceeds on the existing accusatory pleading in lieu of terminating the action, the defendant is required to be rearraigned on the accusatory pleading, and a new time period under Penal Code Section 859b or 1382 commences.n12

Even if the district attorney properly refiles a charge against the accused, the accused may move for a dismissal of the action based on a denial of the constitutional right to a speedy trial.n13

FOOTNOTES:

n1 Footnote 1. See § 62.03[3][b].

n2 Footnote 2. See § 62.03[3][c].

n3 Footnote 3. See § 62.03[2].

36

INFO FILED MAY...

## Attorney for Defendant

### Authorities

Pen C § 1382(a)(2)

Rhinehart v. Municipal Court, 35 Cal. 3d 772, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984)

### Notes

### Commentary

The statutory time period in which a felony matter must be brought to trial is set forth in Pen C § 1382. The statutory scheme provides that in the absence of a showing of good cause for delay an information or indictment must be brought within the statutory periods of Pen C § 1382, the time is based upon "calendar days," in calculating the statutory periods of Pen C § 1382, the time is based upon "calendar days," (Owens v. Superior Court, 28 Cal. 3d 239, 243, 168 Cal. Rptr. 466, 617 P.2d 1098 (1980)). The deadline is the same for in-custody and out-of-custody defendants.

**Dismissal:** A violation of this statutory guarantee requires that the case be dismissed. The defendant need not make a showing of actual prejudice. There is no requirement of good cause for the delay. People's justification for the delay. Rather, the People have the burden of showing good cause for delay. (Tudman v. Superior Court, 29 Cal. App. 3d 382, 384, 105 Cal. Rptr. 351 (1st Dist. 1972))

**60 day mandatory setting:** The trial court is required to set all felony cases for trial within 60 calendar days of the defendant's arraignment in the superior court unless a showing of good cause is made under Pen C § 1050 for setting a later date. (Pen C § 1049.5)

**10-day trailing period:** If a defendant consents to or requests a date beyond the initial 60 day statutory period, a 10-day 'trailing period' is statutorily added after the last day to which the defendant consented to trial. (Pen C § 1382 (a)(2)(B)) However, if the case is continued beyond the initial 10-day grace period, there is no 10-day trailing period. (Pen C § 1049.5)

**Stipulated trailing period:** If defendant "unilaterally" agrees to a non-statutory trailing period beyond the statutory 10-day 'trailing period' contained in Pen C § 1382(a)(2)(B), then the statutory trailing period does not run until the end of the non-statutory trailing period. For example, if a case is continued to June and the defense unilaterally agrees that this date will be considered as "0 of 20," meaning a 20 day trailing period from June 1, the courts have held that this agreement constitutes consent to continue the case to the last statutory day (June 20) plus the 10-day statutory trailing period. (People v. Griffin, 25 Cal. App. 3d 160, 167, 101 Cal. Rptr. 707 (2d Dist. 1972)) Both sides may also stipulate to a specific date, then to trial the last statutory day. If both sides agree to a non-statutory trailing period (e.g. 15 or 20 days), then they have both waived their rights to the statutory 10-day grace period and have stipulated that the end of the non-statutory trailing period is the "last day" for trial. (Medina v. Superior Court (1971) 94 Cal. App. 2d 770 (2d Dist. 2000)) Both sides may also stipulate to a specific date, then to trial on the "last day" for trial by a judge available to try the case to the last day for trial. (Bailon v. Superior Court, 98 Cal. App. 4th 1331, 1337, 99 Cal. App. 4th 8151, 120 Cal. Rptr. 912 (2d Dist. 2002))

**When trial is commenced:** The statutory period of trial has been defined by the California Supreme Court as occurring when the case is called for trial by a judge available to try the case to its conclusion, the court has committed its resources to the trial, before a panel of jurors

75

---

summoned and sworn. (Rhinehart v. Municipal Court, 35 Cal. 3d 772, 780, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984)). There must be a good faith commencement of the trial process; not just a sham device to avoid the impact of the statute. (Sanchez v. Municipal Court, 97 Cal. App. 3d 806, 815 Cal. Rptr. 91 (2d Dist. 1979); People v. Cory, 157 Cal. App. 3d 1094, 204 Cal. Rptr. 117 (2d Dist. 1984))

**Good Cause:** Dismissal is required only if the case is continued beyond the statutory period of each case. (Pen C § 1382(a)) What constitutes good cause depends on the circumstances of each case. (1) failure of the Sheriff to bring a custody defendant to court is not good cause (Owens v. Superior Court (1980) 28 Cal. 3d 239); (2) court congestion is not good cause unless any courts in which to try the case due to court congestion — held not good cause (Rhinehart v. Municipal Court, 35 Cal. 3d 772, 780, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984)(1)); (3) subpoenaed prosecution and the defendant must have to claim the case after the time limit expires, and before trial commences. (People v. Wilson, 60 Cal. 2d 139, 32 Cal. Rptr. 44, 383 P.2d 452)

**Waiver of speedy trial:** The defendant can request or consent to a trial date beyond the initial statutory period. (Pen C § 1382(a)(2)(B)) The consent may be express or implied, and a showing of the defendant's objection. (Townsend v. Superior Court, 15 Cal. 3d 774, 780-782, 126 Cal. Rptr. 251 (1976)) However, if counsel is appointed to represent a defendant, and objects to the date being set, it is counsel's duty to protect the defendant's right to speedy trial, an objection must be made at the time the case is set for trial beyond the 60 day statutory period. (Pen C § 1382(a)(2)(B))

**Waiver over defendant's objection:** The statutory right to speedy trial is not personal to the defendant, and can be waived by counsel over the defendant's objection, unless counsel was being "ineffective" or "indifferent." (Townsend v. Superior Court, 15 Cal. 3d 774, 780-782, 126 Cal. Rptr. 251) Where defense counsel is appointed, if an actual conflict develops, the defendant's benefit. The court must inquire whether another member of counsel's office or firm who could bring the case to trial within the statutory period, and if not, whether any newly appointed counsel could do so. If no other counsel can be obtained, the case should be tried. (People v. Johnson, 26 Cal. 3d 557, 162 Cal. Rptr. 431, 606 P.2d 738, 4 A.L.R.4th 1295 (1980))

**General waiver:** If counsel enters a "general time waiver" so that no trial date is initially set, the statutory 60 day period does not commence and the general waiver is withdrawn. (Pen C § 1382(a)(2))

**Co-defendant continuances:** If two or more codefendants are joined, and the court for good cause continues one codefendant, on motion of the prosecutor, there is good cause to continue all the joined defendants. (Pen C § 1050.1)

**Co-defendant continuances:** (While the preference for joint trial stated in section 1098 serves judicial economy and the convenience of the court and counsel, such a consideration cannot override the defendant's state constitutional right to a speedy trial without a showing of good cause. (Sanchez v. Superior Court (Sanchez), 102 Cal. App. 3d 981, 893, 182 Cal. Rptr. 703 (2d Dist. 1982)) A trial court abuses its discretion and denies a defendant's constitutional right to a speedy trial by continuing his trial beyond the speedy trial date, where the sole reason for the continuance is to maintain the joinder with a codefendant. The court must weigh any competing factors, such as the state's interest in joinder against the defendant's constitutional right to a speedy trial. (Arroyo v. Superior Court, 119 Cal. App. 4th 460, Cal. Rptr. 3d 462 (4th Dist. 2004))

**Amendment to the charges:** For an amendment to toll the running of the statutory period, the amendment must go to the substance of the charges and included offenses are not considered substantial changes. (Perez v Superior Court (1971) 111 Cal Rptr 542, 593, 110 Cal. Rptr. 3d 182, 485, 93 Cal. Rptr. 748))

76

**Prosecutor engaged:** Pen C § 1050(g) permits delays in certain types of cases if the prosecuting attorney assigned to the case" is engaged in a trial or hearing. Among the cases "those are cases listed in Pen C § 1048(b)(1) (sexual assault offenses), 999h (career criminal), and 1170.75 (child domestic violence)." A continuance under this exception is "limited to a maximum of 10 additional court days."

**Defendant's failure to appear:** If a defendant has been ordered to trial or a pretrial hearing, and fails to appear, and a bench warrant is issued, the statutory 60 day time limit is commenced again, starting from the date the defendant next appears in court. (Pen C § 1382 (c))

**Refiling:** A felony charge which is dismissed on speedy trial grounds may be refiled; however, prosecution is barred after a second dismissal unless one of the grounds listed in Pen § 1387(b) exists or the offense is a violent felony and the prosecution can establish excusable neglect under Pen C § 1387.1.

West's Key Number Digest, Criminal Law 🔑577.10

Legal Encyclopedias

C.J.S., Criminal Law § 583, 591, 593, 600-601, 604

2005 Thomson/West

END OF DOCUMENT

CACRIMJIS § 21:18

21:19. Trial Delay (Felony)--Points and authorities

California Criminal Practice: Motions, Jury Instructions and Sentencing
Chapter 21. Speedy Trial
V. Trial Delay
Current through the 2005 update
Edward A. Rucker and Mark E. Overland

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF

PEOPLE OF THE STATE
OF CALIFORNIA,
Plaintiff,

v.

STAMOS SR,
Defendant.

Case No.:

POINTS AND AUTHORITIES
IN SUPPORT OF MOTION
TO DISMISS

Defendant submits the following points and authorities in support of the motion to dismiss for violation of the defendant's statutory speedy trial rights:

---

I UNLESS GOOD CAUSE TO THE CONTRARY IS SHOWN, THE COURT MUST ORDER THE ACTION DISMISSED WHEN A DEFENDANT IS NOT BROUGHT TO TRIAL WITHIN THE STATUTORY PERIOD

Pen C § 1382(a)(2) provides in part:

The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: —

(2) When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information....

II THE DEFENDANT IS NOT REQUIRED TO SHOW PREJUDICE WHEN THERE HAS BEEN A VIOLATION OF THE STATUTORY RIGHT TO SPEEDY TRIAL

In Overby v. Municipal Court, 121 Cal. App. 3d 377, 382, 175 Cal. Rptr. 352 (1st Dist. 1981), the Court of Appeal held that a violation of this statutory right to speedy trial results in dismissal of the action, unless good cause for the continuance can be established.

When there has been a violation of the statutory guarantee of a speedy trial constitutional right, prejudice to the accused is presumed. He need not make any showing of actual prejudice. There is no balancing of his prejudice against the People's justification. Rather, the People have the burden of showing good cause for delay.

III CONGESTION OF THE TRIAL COURT'S CALENDAR DOES NOT CONSTITUTE GOOD CAUSE TO DENY A MOTION TO DISMISS

It is recognized that court congestion does not constitute good cause to satisfy the requirements of Penal Code § 1382. (Rhinehart v. Municipal Court, 35 Cal. 3d 772, 781, 200 Cal. Rptr. 916, 677 P.2d 1206 (1981); People v. Johnson, 26 Cal. 3d 557, 162 Cal. Rptr. 431, 606 P.2d 738; 16 A.L.R.4th 1255 (1980))

IV THE TERM "BROUGHT TO TRIAL" MEANS CALLING THE CASE FOR TRIAL AND BEING READY THEREAFTER TO TRY THE MATTER TO ITS CONCLUSION

The defendant must be "brought to trial" within the statutory period of the case dismissed, unless good cause can be shown. The court has determined that an accused is brought to trial 'within the meaning of section 1382 when a case has been called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn.' (Rhinehart v. Municipal Court, 35 Cal.3d 772, 780, 200 Cal. Rptr. 916, 677 P.2d 1206 (1984))

Notes

West's Key Number Digest:
West's Key Number Digest, Criminal Law 🔑577.10

Legal Encyclopedias
C.J.S., Criminal Law § 583, 591, 593, 600-601, 604

© 2005 Thomson/West

CACRIMJIS § 21:19

1 JAMES G. STAMOS JR —
2 T56728 - NKSP/RC-
3 P.O. BOX 4999
4 DELANO, CA. 93216-4999
5 JANUARY, 22, 2007 YEAR-

6
7          SUPERIOR COURT OF THE STATE OF CA.
              FOR THE COUNTY OF SANTA CLARA

8
9 PEOPLE OF THE STATE OF
10 CALIFORNIA.                          CASE No. EE604989
11 V.                                    DATE
12                                        TIME
13 JAMES G. STAMOS JR.                   PLACE
14     PETITIONER/DEFENDANT              MOTION-RETURN OF PROPERTY
15
16 TO: THE DISTRICT ATTORNEY OF SANTA CLARA COUNTY,
17 AND/OR HIS REPRESENTATIVE:
18 PLEASE TAKE NOTICE. THAT ON _____ (date). AT
19 THE HOUR OF _____ OR AS SOON THEREFTER -
20 AS COUNSEL MAY BE HEARD IN THE COURT ROOM OF THE
21 ABOVE ENTITLED COURT, THE DEFENDANT WILL MOVE -
22 FOR AN ORDER DIRECTING (OR DOO SO) SHERIFFS OFFICE -
23 OF SANTA CLARA COUNTY, THE OFFICE OF THE DISTRICT
24 ATTORNEY OF SANTA CLARA COUNTY AND THEIR AGENTS
25 TO RELEASE TO THE DEFENDANT THE FALLOWING —
26 PROPERTY SEIZED FROM THE DEFENDANT'S. PERSON ON
27 OCTOBER FIRST, TWO THOUSAND FIUE YEAR BY SAN CARLOS
28 POLICE DEPT X0/3/5/20P TO C.SHORSBON. SHERIFFS S.C.C.
              (PG 1 OF 5)

(PG 2 OF 5)

1 AND 01-23-2006 ALSO TO SANTA CLARA COUNTY SO.-
2 SHERIFFS OFFICE SEIZED. AT UNKNOWN LOCATION —
3 UNDER NO WARRANT SEARCH & SEIZURE.
4 ALL UNITED STATES COURT DOCUMENTS / U.S MAIL -
5 AND RECORDS, LEGAL DOCUMENTS - U.S COURT RECORDS
6 ALL LEGAL PAPERS, DOCUMENTS, CIVIL CASE DOCUMENTS
7 ALL MISC. OTHER PERSONAL PAPERS, MONEY $28.00 X
8 BLACK DUFFLE BAG-PROPERTY-ALL PAPER DOCUMENTS-
9 PRIVATE AND CONFIDENTIAL AND IN SUITCASE. —
10 THE MOTION WILL BE MADE ON THE GROUND THAT.
11 THE SEARCH AND SEIZURE WAS UNREASONABLE —
12 IN THAT IT WAS DONE WITHOUT A SEARCH WARRANT.
13 PROPERTY SEIZED TAKEN BY OFFICERS WAS STOLEN
14 FROM ME, WITHOUT MY PERMISSION, U.S. MAIL WAS -
15 TAKEN ILLEGALY, WITHOUT SEIZURE WARRANT. AND-
16 OFFICERS REFUSED TO RETURN PROPERTY- LEGAL DOCUMENTS-
17 AND MY U.S. MAIL-ADDRESSED TO ME, AND PROPERTY-MONEY
18 THIS MOTION WILL BE BASED ON THIS NOTICE OF MOTION
19 ON THE ATTACHED DECLARATION AND MEMORANDUM OF —
20 POINTS AND AUTHORITIES SERVED AND FILED HEREWITH, ON
21 SUCH SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHO-
22 -RITIES AS MAY HEREAFTER BE FILED WITH THE COURT-
23 OR STATED ORALLY AT THE CONCLUSION OF THE HEAR-
24 -ING ON THE MOTION, ON ALL THE PAPERS AND RECORDS-
25 ON FILE IN THIS ACTION, AND ON SUCH ORAL AND, —
26 DOCUMENTARY EVIDENCE AS MAY BE PRESENTED AT THE
27 HEARING OF THE MOTION. DATE LOCT. TWENTY-FIRST, 2006

X [signature] DATED JAIL OF SANTA CLARA 10-24-2006

JAMES G. STRANGE JR
CEN # 0623847 - CTA 905
CEN # 0650662 5

(PG 2 OF 5)

PENAL CODE 1538.5, 1539-1540; BULER V. SUPERIOR COURT
GERSHENHORN V. SUPERIOR COURT, LOS ANGELES COUNTY -
U.S. CONST. AMEND 4; PEOPLE V. DACHINO.

1 SEIZED PROPERTY MAY BE RETURNED TO A PERSON, —
2 ENTITLED TO POSSESSION OF IT IF THE PROPERTY IS NOT
3 CONTRABAND, A MOTION MAY BE MADE FOR THE, —
4 RETURN OF PROPERTY PURSUANT TO PENAL CODE 1538.5
5 OR PENAL CODE SECTIONS 1539 AND 1540.

6 PROPERTY SEIZED WITHOUT A WARRANT IS STILL
7 UNDER JURISDICTION OF THE COURT, EVEN IF NO-
8 CHARGES HAVE BEEN FILED OR THE PROPERTY HAS NOT-
9 BEEN OFFERED OR RECEIVED INTO EVIDENCE.
10 GERSHENHORN V. SUPERIOR COURT, LOS ANGELES COUNTY-
11 227 Cal. APP. 2d. 361, 166, 38 Cal RPTR 576. (2d DIST 1964)
12 ILLEGALY SEIZED - BOTH CRIMINAL DEFENDANTS AND
13 NONDEFENDANTS MAY MOVE FOR RETURN OF SEIZED PROP-
14 -ERTY BECAUSE THE SEARCH WARRANT OR SEIZURE WAS
15 UNLAWFUL. A DEFENDANT MAY MOVE FOR RETURN-
16 OF PROPERTY OR SUPPRESSION OF EVIDENCE PURSUANT-
17 TO PENAL CODE 1538.5 AND 1540, ON GROUNDS THAT THE
18 SEARCH OR SEIZURE WAS ILLEGAL, BUKER V. SUPERIOR-
19 COURT. 25 Cal. APP. 3d. 1085, 1088, 102 Cal RPTR. 494 (4TH DIST.
20 1972)).
21 EVEN IF DEFENDANT WAS ON PROBATION AND THEREFORE
22 HAD A REDUCED EXCEPTION OF PRIVACY, HE WAS NOT -
23 PRECLUDED FROM CHALLNENGING UNLAWFUL POLICE -
24 SEARCH AND SEIZURE CONDUCT; U.S. CONST. AMEND 4 ;
25 PENAL CODE 1538.5; PEOPLE V. DACHINO, III, Cal, APP. 4TH
26 1429, 4 Cal. RPTR. 3d 691 (2d DIST 2003).
27 UNREASONABLE SEIZURES. RIGHT TO OBJECT TO HARRASSMENT OR-
28 SEARCHES CONDUCTED IN UNREASONABLE MANNER. PEOPLE V-
A -VELASQUEZ. 21 Cal. APP. 4TH 555, 26 Cal, RPTR. Rd 320 (4TH DIST 1993)

JAMES G STAMOS JR —
CEN #06023947 - CJA 905 *
CEN # 06506628
MJ. 885. N SAN PEDRO ST
SAN JOSE Ca 95110 —

SUPERIOR COURT OF THE STATE OF CALIFORNIA,
COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF                    (CASE) EE604989
CALIFORNIA,                               ) RETURN OF PROPERTY
    PLAINTIFF                             ) POINTS AND AUTHORITIES
    V.

JAMES G STAMOS JR,
    PETITIONER / DEFENDANT

A DEFENDANT MAY MAKE A MOTION UNDER PENAL-
CODE SECTION 1538.5 FOR THE RETURN OF PROPERTY FOR-
THE FALLOWING REASONS ① THE PROPERTY'S WARRANTLESS
SEIZURE WAS UNREASONABLE. §s 1538.5 (b)(1) DEFENDANT
MAY MOVE FOR THE RETURN OF PROPERTY OR TO SUPRESS AS-
EVIDENCE ANY TANGIBLE OR INTANGIBLE THING OBTAINED
AS A RESULT OF A SEARCH AND SEIZURE ON EITHER OF
THE FALLOWING GROUNDS ① SEARCH OR SEIZURE WITHOUT
WARRANT WAS UNREASONABLE ② THERE WAS ANY OTHER
VIOLATION OF FEDERAL OR STATE CONSTITUTIONAL STAN-
-ARDS  PENAL Code §s 1538.5 (2) A MOTION PURSUANT TO PAR-
-AGRAPH (1) SHALL BE MADE IN WRITING AND ACCOMPANIED BY
A MEMORANDUM OF POINTS AND AUTHORITIES AND PROOF
OF SERVICE. CA. CONST I, §s 28 (d) - UNREASONABLE SEARCH,

UNREASONABLE SEIZURE: PERSONS PAPERS,
AND EFFECTS: THE FEDERAL AND STATE CONSTITUTIONS
PROTECT THE RIGHT OF THE PEOPLE TO BE SECURE IN-
THEIR PERSON(S) HOUSES, PAPERS, AND EFFECTS, AGAINST
UNREASONABLE SEARCHES AND SEIZURES.
U.S. CONST. AMEND: IV / CAL.CONST. ART. I AND 13.
PAPERS OR EFFECT IS ONLY FREE FROM UNREASONABLE
SEARCH AND SEIZURE IF A PERSON HAS A REASONABLE
EXPECTATION OF PRIVACY IN IT.
IN RE LANCE W. (1985) 37 Cal. 3d. 873, 879, 210 Cal. RPTR. 631
694 P. 2d 744. THE CLASSIFICATION INCLUDES ONLY
PERSONAL PROPERTY. ITEMS SUCH AS PERSONS LETTER
LETTER(S) AND SEALED PACKAGES CLEARLY FIT THE CLASS-
-IFICATION OF PAPERS AND EFFECTS (SEE)
PEOPLE V. COOK (1985) 41 Cal. 3d. 373, 375-376, 221 Cal. RPTR
499, 710 P. 2d 299.
MAPP V. OHIO - 1961 - 367 U.S. 643, 655, 81 S. CT. 1654, 6 L. ED. 2d 1105
THE FEDERAL EXCLUSIONARY RULE REQUIRES THAT EVIDENCE
OBTAINED THROUGH A SEARCH AND SEIZURE WHICH IS —
VIOLATIVE OF THE FOURTH AMENDMENT MUST GENERALLY —
BE EXCLUDED IN A SUBSEQUENT CRIMINAL PROSECUTION
UNITED STATES CONSTITUTION AMENDMENT (14-) —
NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE,
LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW, NOR DENY
TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL -
PROTECTION OF THE LAWS.

PAGE (5 OF 5)

# CALIFORNIA APPELLATE COURTS

Case Information



| | |
|---|---|
| **Welcome** | **6th Appellate District** |
| **Search** | Court data last updated: 04/18/2008 10:05 AM |
| **E-mail** | **Case Summary   Docket   Scheduled Actions   Briefs** |
| **Calendar** | **Disposition   Parties and Attorneys   Trial Court** |

Change court

## Case Summary     << search results

| | |
|---|---|
| **Trial Court Case:** | EE604989 |
| **Court of Appeal Case:** | H031047 |
| **Division:** | |
| **Case Caption:** | The People v. Stamos |
| **Case Type:** | |
| **Filing Date:** | 12/29/2006 |
| **Oral Argument Date/Time:** | |

## Cross Referenced Cases

H012542 The People v Stamos

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

### Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions

## 6th Appellate District

Change court

Court data last updated: 04/18/2008 10:05 AM

**Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court**

## Docket (Register of Actions)

**The People v. Stamos**
**Case Number H031047**



C|C
home

| Date | Description | Notes |
|------|-------------|-------|
| 01/04/2007 | Notice of appeal lodged/received (criminal). | |
| 01/04/2007 | Counsel appointment order filed. | Appointing SDAP for appellant |
| 01/09/2007 | Court reporter extension granted. | CSR: Plancarte, Alicia (12161) Extended Due Date: 02/23/2007 per signed acknowledgment |
| 01/10/2007 | Court reporter extension granted. | CSR: Gonzalez, Barbara H (4646) Extended Due Date: 02/23/2007 per signed aknowledgment |
| 01/11/2007 | Court reporter extension granted. | CSR: Bautista, Heather (11600) Extended Due Date: 02/23/2007 per signed acknowledgment |
| 01/17/2007 | Court reporter extension granted. | CSR: Barron, Jacqueline (8049) Extended Due Date: 03/26/2007 |
| 01/19/2007 | Notice to reporter to prepare transcript. | amended, filed 1/18/07, no change to reporters |
| 01/22/2007 | Court reporter extension granted. | CSR: Garish, Leslie Lee (6917) Extended Due Date: 03/19/2007 |
| 01/23/2007 | Notice to reporter to prepare transcript. | second amended notice to show ctrr B. Gonzalez for 11-30-06 |
| 02/01/2007 | Notice to reporter to prepare transcript. | Third amended notice to court reporters |
| 02/02/2007 | Recommendation of counsel by SDAP filed. | atty Claire Cunningham for appellant |
| 02/26/2007 | Telephone conversation with: | Joyce, Csr's Bautista, Gonzalez, and Plancarte has handed in transcript |
| 03/19/2007 | Record on appeal filed. | C-2/R-7 |
| 03/19/2007 | Probation report filed. | |

Case 3:07-cv-05547-VRW    Document 25    Filed 07/02/2008    Page 26 of 37

| 03/19/2007 | Marsden transcript filed****** | R-3 (Hearings of6-6-06, 6-16-06 & 1011-06) |
|---|---|---|
| 03/19/2007 | Marsden transcript sent. | SDAP (R-3) |
| 04/16/2007 | Motion/application to augment record filed. | By atty Cunningham obo appellant *tct* |
| 04/16/2007 | 8.340 letter received from: | CT missing exhibits to prove priors. Mailed 8.340 letter |
| 04/19/2007 | Received: | copies of documents filed by aplnt in the superior court. Forwarded to SDAP |
| 04/19/2007 | Filed augmented record pursuant to rule 8.340. | CT of exhibits to prove priors |
| 04/30/2007 | Received copy of document filed in trial court | motion for return of property |
| 05/01/2007 | Augmentation granted. (See order.) | |
| 05/08/2007 | Augmented record filed. | C-1; sealed psychological records |
| 05/18/2007 | Appellant's opening brief. | |
| 06/18/2007 | Granted - extension of time. | |
| 07/17/2007 | Granted - extension of time. | |
| 08/20/2007 | Respondent notified pursuant to rule 8.220(a)(2). | |
| 08/27/2007 | Respondent's brief. | |
| 08/31/2007 | Received letter from: | appellant attorney, in view of ag's concession of the issue presented in appeal, appellant submits based on aob and will not be filing a reply brief |
| 08/31/2007 | ***To be assigned***. | Concession case |
| 08/31/2007 | Case fully briefed. | |
| 09/28/2007 | Case on conference list. | October 4, 2007 Conference List |
| 10/19/2007 | Submission order filed. | |
| 11/14/2007 | Opinion filed. | (Signed Unpublished) The judgment is modified to amend the amount of restitution fine imposed under Penal Code section 1202.4 to the amount of $1,000, and to amend the amount of the parole revocation |

| | | restitution fine imposed under Penal Code section 1202.45 to the amount of $1,000 which fine is suspended. As so modified, the judgment is affirmed. The superior court is ordered to send a certified copy of the corrected abstract of judgment to the Department of Corrections. (fde, clr, emp) |
|---|---|---|
| 01/15/2008 | Remittitur issued. | |
| 01/15/2008 | Case complete. | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

(11/29/2008) MAILED (TWO-MOTION) REQUESTING TIMELY
NOTICE TO FILE MY PETITION
FOR REHEARING AND FOR
ATTORNEY TO SEND THE
① POS - NOV. 29, 2007
② POS - NOV. 19, 2007
③ NOTICE OF CHANGE OF ADDRESS CORRECT ADDRESS TO THE
OR TEMPORARY ADDRESS CHANGE FILING FOR REVIEW IN THE
④ NOV. 17, 2007 ATTORNEY — CALIFORNIA SUPREME COURT

12/30/07 yew.

JAN. 15, 2008 - MOTION
(3 PAGES)   PG 4 OF 6 H/C #C057448

JAN. 27, 2008  6 PAGES 3 ORIGINAL + 3 COPIES (PETITION FOR REHEARING)
FORMS REQUEST        EXHIBITS - SIX PAGES - W/ —
INST-LAW LIB ACCESS  +) ONE DUPLICATE MOTION (11/29/07)(5ᵗʰ DUP)
PERSONAL REQUEST-12/05/07  PROOF OF SERVICE BY US MAIL- 1/27/08 —
I/M REQUEST-12/16/07
+ ONE DUP MOTION 2+1/13/08

02/12/2008 ① PROOF OF SERVICE BY U.S MAIL-02/12/08
① DECLARATION; MOTION REQUEST-RULEING-OR-HEARING ON
① MOTION DUE ③      MOTIONS SENT-NOV.29ᵀᴴOF2007
① SOAP-1/31/08-PAUL COUENHOVEN —
① PROOF OF SERVICE BY US MAIL-JAN.27,2008
③ ORIGINAL-PETITION FOR REHEARING
③ COPIES PETITION FOR REHEARING
EXHIBITS A-E & COVER PAGE

1  JAMES GEORGE STAMOS. JR
2  T56728-CSP SAC FOLSOM
3  POST OFFICE BOX 290066 (ASW)
4  REPRESA, CA. 95671-0066
5
6
7          UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA
9
10  JAMES GEORGE STAMOS. JR          CASE CIV-S-07-1078-LEW-EFB)
11       (PETITIONER)                ) MOTION-REQUEST ORDER
12  V.                               ) TO RETURN MY PROPERTY
13                                   (ATTACHED) MOTION RETURN
14  WARDEN CSP SAC FOLSOM            ) PROPERTY
15       (RESPONDENT)                    3 DUPLICATE
16  THE PETITIONER TO THE ABOVE CASE # IN HABEAS CORPUS
17  !28 U.S.C. § 2254 IN REFERENCE TO THE CASE OF ACTUAL GROUND
18  # THREE OF THE HABEAS CORPUS, I PETITIONER, HEREBY REQUEST
19  AN ORDER BY THE UNITED STATES MAGISTRATE JUDGE IN THE
20  WITHIN CAUSE OF ACTION FOR THE SANTA CLARA COUNTY
21  SHERIFFS 04,300 S.O. AND THE OFFICE OF THE DISTRICT ATTORNY
22  OF SANTA CLARA COUNTY AND THEIR AGENT TO RELEASE AT
23  ONCE ALL MY LEGAL DOCUMENTS - LEGAL PRIVATE LETTERS
24  AND ALL Legal/CONFIDENTIAL RECORDS, MONEY, AND PERSONAL
25  PROPERTY! WHICH WAS ILLEGALY SEIZED BY ① SAN CARLOS
26  POLICE DEPT- ON OCTOBER FIRST. 2005-WITHOUT WARRANT, ② 12/13/2005,
27  ILLEGALY TAKING POSSESSION OF MY PROPERTY BY SANTA CLARA
28  COUNTY SHERIFFS, AS WELL AS JAN 23, 2006, ONE SUITCASE BY THE
           ONE OF TWO PAGES × James J. Stamos Jr
                                    8/17/2007

) BY THE SANTA CLARA COUNTY SHERIFFS · ATTACHED TO —
THIS MOTION · REQUEST · ORDER TO RETURN MY PROPERTY
2 ATTACHED · MOTION RETURN OF PROPERTY, AND ONE COPY OF
ORIGINAL PROOF OF SERVICE BY MAIL · JANUARY · TWENTY · THIRD —
OF TWO THOUSAND SEVEN YEAR · SEE ATTACHED COPY OF THE
ORIGINAL MOTION · RETURN OF PROPERTY, MEMORANDUM —
' POINTS OF AUTHORITIES ✱ FIVE PAGES (2ND COPIES) ON MARCH 29 TH
· 2007, MAILED TO SANTA CLARA COUNTY DISTRICT ATTORNEY ·
2 APRIL FIFTH TEENTH, OF 2007 YEAR · WITH PROOF OF SERVICE
) COPIES OF MOTION · RETURN OF PROPERTY · FIVE PAGES
\ AND ON APRIL TWENTY · FIFTH, OF 2007 YEAR, I SERVED COPIES —
2 TO CALIFORNIA STATE COURT OF APPEAL 6TH DISTRICT OF CA.
3 AND FINAL · MAY SEVENTH, 2007, I MAILED COPIES · FIVE PAGES —
4 OF ORIGINAL · MOTION · RETURN OF PROPERTY ALL SERVED WITH
5 MOTION · RETURN OF PROPERTY · NEVER · FILED, OR RULED ON
6 AND · I HAVE NOT RECEIVED MY LEGAL PAPERS, CASES OR —
7 U.S. MAIL, LEGAL PAPERS PROPERTY, OR ANYTHING WHICH WAS TAKEN
8 ILLEGALY WITHOUT WARRANT OR SEIZURE RIGHTS BY
9 LAW! I PETITIONER, HEREBY REQUEST, THAT ALL MY
10 LEGAL PAPERS, DOCUMENTS, CASE DOCUMENTS, EFFECTS
21 LEGAL CONFIDENTIAL · U.S. MAIL BE RETURNED TO ME
22 AT ONCE, AS OF AUGUST. 27, 2007 YEAR, THERE WILL BE NO
23 PROPERTY, AS THEY WILL DISPOSE OF · UNCLAIMED PROPERTY —
24 AS I, SIGNED RELEASE TO MY RELATIVE AND EITHER ·
25 HAS RESPONDED! SO I REQUEST ORDER OF TO RETURN
26 OF PROPERTY · BY UNITED STATES MAIL TO ME, AS IT
27 IS MY LEGAL PROPERTY. AND PERSONAL PROPERTY I, HEREBY
28 REQUEST ORDER! I HEREBY DECLARE THIS TO BE TRUE
AND CORRECT · UNDER PENALTY OF PERJURY ✗ James Stanovsky
PG TWO OF TWO                    8/17/07        3RD
                                                10 UP
                                                8/21/07

CDC 193 #100 —
MAILED 8/19/2007
MANILLA C/O MC CRARY 3RD WATCH
MANILLA · CDC 193/90#

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APELLATE DISTRICT

PEOPLE OF THE STATE OF CALIFORNIA
PLAINTIFF AND RESPONDENT

No. H031047

VS.

JAMES GEORGE STAMOS. JR
DEFENDANT AND APPELLANT.

SANTA CLARA COUNTY SUPERIOR
COURT No EE604989.

PETITION FOR REHEARING

APPEAL FROM THE SUPERIOR COURT OF CALIFORNIA
COUNTY CASE No EE604989.
JEAN HIGH WETEN KAMP, JUDGE

JAMES GEORGE STAMOS. JR
T56728-HIGH DESERT STATE PRISON-(FAC-B-Bldg 1-129)
POST OFFICE BOX 3030
SUSANVILLE, CA. 96127-3030-

PETITION FOR REHEARING
TO THE HONORABLE PRESIDEING JUSTICE OF THE COURT OF APPEAL
SIXTH APPELLATE DISTRICT

PURSUANT TO RULE 25 OF THE CALIFORNIA RULES OF COURT APPELLAN
JAMES GEORGE STAMOS. JR. PETITIONS FOR REHEARING FALLOWING THE
UNPUBLISHED DECISION OF THE COURT FILED ON: NOVEMBER. FOURTEEN, 2007

I. VIOLATION OF DUE PROCESS.

II. INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, AND ON
APPEAL / CONFLICT OF INTEREST.

CONCLUSION: I. ON NOVEMBER. THIRTEEN, OF 2007 YEAR, A PETITION
FOR WRIT OF HABEAS CORPUS AND SUPPORTING DOCUMENTS WAS MAILED
BY UNITED STATES MAIL. ON, THE DATE OF NOVEMBER. FOURTEEN, 2007
OPINION BY THIS COURT WAS DONE! NO RULEING ON HABEAS CORPU'
MAILED. NOVEMBER THIRTEEN, OF 2007 YEAR. WAS DONE!
THE OPINION DATED NOVEMBER 14th 2007 WAS BASED "ONLY" ON SIXTH -
DISTRICT APPELLATE PROGRAMS INEFFECTIVE ATTORNEY. IN -
WHICH ATTORNEY WAS INADEQUATE. IN PRESENTING, AND, RAISEING
ISSUES CRUCIAL TO THE APPEAL: H031047.' AS ON HABEAS CORPUS -
DATED. NOVEMBER THIRTEEN, AND. NINETEENTH, 2007 (MAILED DATES) —
ATTORNEYS FOR THE SIXTH DISTRICT APPELLATE PROGRAM ALSO RECEIVED
A INADEQUATE RECORDS FROM. AGUMENTED RECORDS, OR TRANSCRIPTS
PROVIDED TO SIXTH DISTRICT APPELLATE PROGRAM ATTORNEY IN -
WHICH! THE TRANSCRIPTS PROVIDED IS, AND WAS. ILLEGALY WITHELD
BY THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, CLERKS AND
THERE INADEQUATE TRANSCRIPTS / RECORDS, IN WHICH ABSTRACTS
AND TRANSCRIPTS WHERE MISSING FROM ATTORNEYS TRANSCRIPTS
IN WHICH WAS RELEASED TO ME. RECEIVED NOVEMBER. TWENTY FIRST,
OF 2007 YEAR! IN WHICH, ABSTRACTS WAS NOT PLACED IN FILE, OR.
TRANSCRIPTS TO ARRAINGEMENT. APRIL TWELVE, 2006 YEAR TO THE
PLEA. APRIL TWENTY, 2006! AND, PRELIMINARY EXAMINATION DATED -
ABSTRACT ⟶ MAY FIRST, OF TWO THOUSAND, SIX YEAR, ALSO MOTIONS TO DISMISS -
WERE ARE NOT PLACED IN THE FILE RECORDS, AS WELL AS MIX-UP MOTIONS
NOT FILED, OR MISSING. LETTERS. THE LAWYERS DEFICENCY OF DOCUMENT
AND RECORDS. TRANSCRIPTS. EVIDENCE, etc. IS ILLEGAL. AND THE SIXTH
DISTRICT APPELLATE DISTRICTS ATTORNEY FAILED TO. PRESENT ISSUES
(CONTINUED NEXT PAGE)

CRUCIAL TO APPEAL, AND THEREFORE IS UNADEQUATE, AND SHOULD
NOT BE RE-ASSIGNED TO REHEARING, OR-RE-APPEAL TO OVERTURN-
THE OPINION DECISION, BASED ON INADEQUATE, RECORDS, AND,
SIXTH DISTRICT APPELLATE PROGRAMS- to ATTORNEY. THE ATTORNEY
RECEIVED MY LETTERS INDICATEING, VIOLATIONS OF STATUTORY
RIGHTS TO A SPEEDY TRIAL, AND DUE PROCESS OF LAW, AND-
OTHER-CRUCIAL-ISSUES TO APPEAL, SHE-CLAIRE, CUNNINGHAM-THE-
SIXTH DISTRICT APPELLATE PROGRAMS ATTORNEY, REFUSED TO LOOK
INTO, OR-PRESENT; THEREBY PRESENTING ISSUES-VAGUE TO APPEAL
AND. INEFFECTIVE. COUNSEL! FURTHER-TRANSCRIPT-S, WAS RECEIVE
LATE. NOVEMBER.TWENTY-FIRST, OF 2007 YEAR, OUT OF THE NUMEROUS
CRUCIAL-ISSUES ON WHICH TO APPEAL, NONE WAS PRESENTED.
AND ATTORNEYS. NEGLIGENCE, AND UNWILLING TO PRESENT CRUCIAL-
ISSUES ON APPEAL. IS AN INEFFECTIVE COUNSEL A VIOLATION
OF MY UNITED STATES CONSTITUTIONAL RIGHTS- 6TH AMMENDMENT
THEREBY; A REHEARING-IS CRUCIAL, AS WELL AS EFFECTIVE —
-COUNSEL TO REPRESENT ME-ON APPEAL, AND INVESTIGATOR-
PETITION FOR REHEARING IS NEEDED, \
FOR THIS REASONS STATED. THE PETITION FOR REHEARING-SHOULD-
BE GRANTED x
         DATED-December.TWENTY-THIRD, OF TWO THOUSAND, SEVEN YEAR-
         RESPECTFULLY-SUBMITTED SINGED x James George Stamos Jr. -12/23/0
                           -JAMES GEORGE STAMOS JR-

*NOTES: CURRENT-PETITIONS FOR WRIT OF HABEAS CORPUS:
         DATED. AND MAILED. NOV.THIRTEEN, 2007 x (60 PAGES TOTAL)
         NOT RULED ON, OR A HEARING;
         DATED. NOV. NINETEEN, OF 2007,-(DENIED)

         DATED-NOVEMBER.TWENTY -NINETH.OF 2007 YEAR. -see (PROOF-OF-SERVICE)
         MOTION-REQUESTING TIMELY
         NOTICE TO FILE MY PETITION
         FOR REHEARING, AND FOR —
         ATTORNEY TO SEND THE
         CORRECT ADDRESS, TO THE -
         FILING-FOR REVIEW IN THE
         CALIFORNIA SUPREME COURT



1 | JAMES GEORGE STAMOS JR
2 | T56728 HIGH DESERT STATE PRISON
3 | FACILITY B - Bldg 1 - CELL 129
4 | P.O BOX 3030, SUSANVILLE, CA 96127-3030
5 |
6 |
7 | IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
8 | SIXTH APPELLATE DISTRICT
9 |
10 | JAMES GEORGE STAMOS JR,                    CASE # H031047*
11 |    (PETITIONER)                           MOTION REQUESTING TIMELY
                                               NOTICE TO FILE MY PETITION
12 | V.                                        FOR REHEARING, AND FOR -
                                               ATTORNEY TO SEND THE -
13 |                                           TRANSCRIPT FOR REVIEW AND THE
14 | PEOPLE OF THE STATE OF CA.                OR CORRECT ADDRESS TO THE
         (RESPONDENT)                          FILING FOR REVIEW IN THE
15 |                                           CALIFORNIA SUPREME COURT
16 | NOVEMBER 28TH OF 2007. X I, JAMES GEORGE STAMOS JR. PETITIONER
17 | HEREBY DECLARE THAT, I WOULD LIKE TO FILE A PETITION-FOR REHEARING
18 | ON NOVEMBER.TWENTY-FIRST.OF TWO THOUSAND SEVEN YEAR, I, —
19 | PETITIONER. RECEIVED. BY ATTORNEY-FOR THE SIXTH DISTRICT —
20 | APPELLATE-PROGRAM -TRANSCRIPTS-969 PAGES, WITH, THREE PG —
21 | PAGES-FILED-NOVEMBER. FOURTEEN. OF 2007 YEAR, COURT OF —
22 | APPEAL OF THE STATE OF CALIFORNIA. SIXTH APPELLATE DISTRICTS
23 | OPINION. FOR-H031047; AS. CA. RULES OF COURT-RULE. 25(b).—
24 | A PARTY MAY SEEK A RE-HEARING-OF THE DECISION IN THE REVIEWING
25 | COURT BY FILING A PETITION FOR-REHEARING. IN 15 DAYS! I DID-
26 | NOT RECEIVE, PROPERLY-OPINION, TRANSCRIPTS, TIMELY FROM THE
27 | DATE FILED-11-14-2007 YEAR: I FURTHER DID NOT RECEIVE APPROPRIATE
                                               (EXAMPLES)
28 | I. HEREBY DECLARE THIS TO BE TRUE X FIF #4 DUPLICATED COPY MAILED
      NOVEMBER TWENTY EIGHTH. OF 2007          NOV. 28, 2007 YEAR
              (NOTE) SEE (ORIGINALS)



D.S.P
COPY
PUP BY 6 MARTINEZ
3RD WATCH 11/29/07 YEAR
MAILED-11/29/07
H.D.S.P 2 MOTIONS
TO 6TH — DOC'S
W/OTHER DOC'S 3RD
12/30/2007 LEGAL
IN 3RD WATCH
4TH I.M. 15-08
DR BRONSON
PICK UP
LEGAL
IN RECEIPT
5TH SUPREME CT
2/28/08

1  JAMES GEORGE STAMOS JR
2  T56728 HIGH DESERT STATE PRISON
3  FACILITY B - Bldg 1 - CELL 129
4  P.O BOX 3030, SUSANVILLE, CA 96127-3030
5
6
7       IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA.
8              SIXTH APPELLATE DISTRICT
9
10 JAMES GEORGE STAMOS JR,              CASE# H031047*
11      (PETITIONER)                    MOTION REQUESTING TIMELY
                                        NOTICE TO FILE MY PETITION
12 V.                                   FOR REHEARING, AND FOR-
                                        ATTORNEY TO SEND THE-
13                                      PETITION FOR REHEARING
14 PEOPLE OF THE STATE OF CA.           OR CORRECT ADDRESS TO THE
15      (RESPONDENT)                    FILING FOR REVIEW IN THE
                                        CALIFORNIA SUPREME COURT
16 NOVEMBER 28TH OF 2007 X I, JAMES GEORGE STAMOS JR. PETITIONER
17 HEREBY DECLARE THAT, I WOULD LIKE TO FILE A PETITION-FOR REHEARING
18 ON NOVEMBER TWENTY-FIRST, OF TWO THOUSAND SEVEN YEAR, I, —
19 PETITIONER, RECEIVED BY ATTORNEY-FOR THE SIXTH DISTRICT —
20 APPELLATE-PROGRAM-TRANSCRIPTS-969 PAGES, WITH, THREE PG-
21 PAGES-FILED-NOVEMBER, FOURTEEN, OF 2007 YEAR, COURT OF —
22 APPEAL OF THE STATE OF CALIFORNIA, SIXTH APPELLATE DISTRICTS
23 OPINION, FOR-H031047; AS, CA, RULES OF COURT-RULE 25(b).—
24 A PARTY MAY SEEK A RE-HEARING-OF THE DECISION IN THE REVIEWING
25 COURT BY FILING A PETITION FOR-REHEARING. IN 15 DAYS! I DID-
26 NOT RECEIVE, PROPERLY-OPINION, TRANSCRIPTS, TIMELY FROM THE
27 DATE FILED-11-14-2007 YEAR. I FURTHER DID NOT RECEIVE APPROPRIATE
28 I, HEREBY DECLARE THIS TO BE TRUE X FIF th DUPLICATED COPY MAILED (EXAMPLED)
   NOVEMBER, TWENTY EIGHTH, OF 2007      NOV. 28, 2007 YEAR
            (NOTE) SEE (ORIGINALS)

SIXTH DISTRICT APPELLATE PROGRAM
100 Winchester Boulevard, Suite 310
Santa Clara, CA 95050
(408) 241-6171



Attorneys for Appellant

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

PEOPLE OF THE STATE OF CALIFORNIA )
                                            )    Case No. H031047

vs.                                    )

JAMES G.STAMOS 𝔖𝔏                   )    SANTA CLARA County
                                           )    Superior Court No. EE604989

### RECOMMENDATION OF COUNSEL ON APPEAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    Notice is hereby given that the SIXTH DISTRICT APPELLATE PROGRAM recomends and wishes to associate with the hereinafter named attorney for purposes of representing the above-named appellant.

| CLAIRE A. CUNNINGHAM | February 02, 2007 |
|---|---|

Respectfully submitted:

MICHAEL A. KRESSER
Executive Director

Attorney's Address:

CLAIRE A. CUNNINGHAM (State Bar #226941)
2625 MIDDLEFIELD ROAD
#610

PALO ALTO, CA 94306-2516

Appellant's Address:

JAMES G. STAMOST-56728
North Kern State Prison
P.O. BOX 567
Delano, CA 93216-0567

Attorney's Phone:
(415) 305-1710

Rev: COA1 11/98



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SIXTH APPELLATE DISTRICT

THE PEOPLE,
Plaintiff and Respondent,
v.
JAMES GEORGE STAMOS, JR
Defendant and Appellant.

H031047
Santa Clara County No. EE604989



Court of Appeal - Sixth App. Dist.
**FILED**
JAN 4 - 2007
MICHAEL J. YERLY, Clerk
By_____
DEPUTY

BY THE COURT:

> Sixth District Appellate Program
> 100 N. Winchester Blvd.
> Suite 310
> Santa Clara, CA 95050

is appointed to represent the appellant on appeal. The County Clerk is directed to forward a
copy of the record on appeal to the attorney named in this order immediately upon preparation.

Address of Appellant:

James George Stamos JR

**RECEIVED**

JAN 0 4 2007

**S•D•A•P**

S159664

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JAMES GEORGE STAMOS on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUN 1 1 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
Chief Justice