IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GEORGE STAMOS, | No C-07-5547 VRW (PR) |
| Petitioner, | |
| v | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| TOM FELKER, WARDEN | |
| Respondent. | |

Pro se petitioner James George Stamos, a prisoner in the custody of the California Department of Corrections and Rehabilitations, has filed a petition for writ of habeas corpus under 28 USC § 2254. Petitioner seeks relief based on claims that he was denied effective assistance of trial and appellate counsel, a speedy trial and his First and Fourteenth Amendment rights.

For the reasons that follow, the petition for writ of habeas corpus is DENIED.

//
//
//

**I**

**A**

Petitioner is currently serving a term of five years following his 2006 convictions of first degree burglary and buying or receiving stolen property. Doc #23-3, Ex #1, vol 1 at 237, 239. The court of appeal upheld his convictions in an unpublished opinion. Doc #23-3, Ex #5. Petitioner filed a petition for writ of habeas corpus in the Santa Clara County superior court and the California Court of Appeal, both of which were denied. Petitioner then sought relief in the California Supreme Court, Doc #23-3, Ex 6, which summarily denied his petition solely on procedural grounds. Doc #23-3, Ex #7.

On June 6, 2007 petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Doc #1-2, which he amended on June 18, 2007. Doc #1-3. The case was transferred to this court on October 31, 2007 and assigned to former Judge Jenkins. Doc #1-4. Judge Jenkins issued an order to show cause on November 28, 2007. Doc #6. The case was re-assigned to the undersigned on April 7, 2008. Doc #17. Respondent filed an answer and petitioner filed a traverse. Doc ## 23, 25.

**B**

On September 17, 2005, while away on vacation, petitioner's father, James Stamos, Sr, received a telephone call from his neighbor informing him that someone has broken into his home and that the police had arrived. Doc #23-3, Ex #2, vol 6 at

175.  He returned home to find that his patio door was unlocked and that a screen had been removed from his bedroom window.  Id at 177.  He also discovered that a collection of coins was missing from the bottom of his lamp stand and his desk drawer.  Id at 181-82.  The police detectives called to the scene determined that the bedroom window was the point of entry, dusted for fingerprints and recovered a print from the exterior base of the window.  Id at 257-58.  That print was later matched to petitioner.  Id at 298.  On October 1, 2005 the San Carlos Police arrested petitioner and found in his possession a black duffle bag containing coins.  Those coins were identified by petitioner's father as being the same as those that were missing from his home.  Id at 205-12 & 307-11.

II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 USC § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction." White v Lambert, 370 F3d 1002, 1009-10 (9th Cir 2004).  Under AEDPA's deferential standard of review, the writ may not be granted unless the state court's adjudication of any claim on the merits:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 USC § 2254(d). If, however, a state court rendered a decision based solely on procedural grounds and declined to decide a federal constitutional claim on the merits, the federal court reviewing that claim must analyze it under a de novo standard of review, because in that situation "there is no state court decision on [the] issue to which to accord deference." Pirtle v Morgan, 313 F3d 1160, 1167 (9th Cir 2002); see also Menendez v Terhune, 422 F3d 1012, 1025-26 (9th Cir 2005); Nulph v Cook, 333 F3d 1052, 1056-57 (9th Cir 2003).

Here, because the California Supreme Court denied the petition solely on procedural grounds, this court will review the instant petition de novo.

A

A prisoner in state custody who wishes to challenge in federal habeas proceedings either the fact or length of his confinement is first required to exhaust available state court remedies. See 28 USC § 2254(b); Rose v Lundy, 455 US 509, 515-16 (1982). A prisoner satisfies the exhaustion requirement if: "(1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," or "(2) he demonstrates that no state remedy remains available." Johnson v Zenon, 88 F3d 828, 829 (9th Cir 1996) (citations omitted). In California, a prisoner exhausts his federal claim by fairly presenting it to the Supreme Court of California. See Larche v Simons, 53 F3d 1068, 1071-72 (9th Cir 1995); Kim v Villalobos, 799 F2d 1317, 1318 (9th Cir 1986). Even if a claim is unexhausted, however, the Ninth

4

Circuit has held that "a federal court may deny an unexhausted claim on the merits where it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v Stewart, 406 F3d 614, 624 (9th Cir. 2005).

Here, respondent correctly notes that two of petitioner's claims alleging ineffective assistance of counsel are not properly exhausted. Doc #23 at 2. They nonetheless may be denied on the merits because as explained below, they do not raise a colorable federal claim. See Cassett, 406 F3d at 624.

B

The Sixth Amendment guarantees the right to effective assistance of counsel. Strickland v Washington, 466 US 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced petitioner's defense. Id at 688. To prove deficient performance, petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. To prove counsel's performance was prejudicial, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id at 694. But "conclusory suggestions that [a habeas petitioner's] trial and state appellate counsel provided ineffective assistance fall far short of stating a valid claim of

5

constitutional violation" and therefore "do not warrant habeas relief."  Jones v Gomez, 66 F3d 199, 204-05 (9th Cir 1995).

### 1

Petitioner's first ground for relief alleges that trial counsel was ineffective because counsel failed to appear for court dates, took more interest in other cases and delayed petitioner's trial date.  Doc #1-3 at 5.  Nowhere in the petition or traverse, however, does petitioner explain how counsel's performance fell below an "objectively reasonable" standard under prevailing professional norms.  Nor does petitioner allege facts to establish that had counsel done all the things about which petitioner now complains, the result of his trial would have been different.  Instead, petitioner merely asserts in conclusory terms that he is entitled to relief based on ineffective assistance of counsel.  Conclusory allegations of ineffective assistance of trial counsel, however, do not entitle petitioner to relief.  See Jones, 66 F3d at 204-05.  This claim therefore is DENIED.

### 2

Petitioner's fourth ground for relief is a claim of ineffective assistance of appellate counsel.  Doc #1-3 at 6.  The Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal.  Evitts v Lucey, 469 US 387, 391-405 (1985).  A claim of ineffective assistance of appellate counsel is reviewed according to the Strickland standard.  Miller v Keeney, 882 F2d 1428, 1433 (9th Cir 1989); United States v

Birtle, 792 F2d 846, 847 (9th Cir 1986). That is, petitioner must show that counsel's advice fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Miller, 882 F2d at 1434 & n 9 (citing Strickland, 466 US at 688, 694; Birtle, 792 F2d at 849.

Petitioner claims that his appellate counsel did not adequately raise or present matters crucial to his appeal and that her representation involved a conflict of interest because she previously worked for a judge in the Ninth Circuit Court of Appeals. Doc #1-3 at 6. Again, petitioner does not provide any discussion of how these actions fell below an "objectively reasonable" standard of performance under prevailing professional norms and how but for the errors, he would have prevailed on appeal. As explained above, conclusory allegations of ineffective assistance of counsel do not warrant habeas relief. Jones, 66 F3d at 205. Accordingly, because petitioner did not present more than conclusory allegations, this claim is DENIED.

C

A person in custody pursuant to the judgment of a state court may obtain relief by way of a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 USC § 2254(a). In other words, a writ of habeas corpus is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v McGuire, 502

7

US 62, 67-68 (1991).

1

Petitioner's second claim for relief is a violation of his right to a speedy trial because he was not brought to trial within 60 days of his arraignment as proscribed by California Penal Code § 1382 (West 2009). Doc #1-3 at 5. This claim is DENIED because petitioner is not entitled to federal habeas relief for alleged violations of state law. <u>Estelle</u>, 502 US at 67-68 (1991).

2

Petitioner's third claim for relief is that a duffle bag and suitcase containing legal documents pertaining to a criminal appeal unrelated to the present case were illegally seized. Doc #1-3 at 6; Doc #24 at 10. Petitioner claims that this illegal seizure deprived him of his right to access to the courts in violation of the First and Fourteenth Amendment. Doc #1-3 at 6.

This claim is completely unrelated to the criminal convictions from which petitioner now seeks relief; further, it fails to allege that petitioner is in custody in violation of the constitution or laws or treaties of the United States. 28 USC § 2254(a). As such, this claim is DENIED because it is not cognizable on federal habeas review.

//
//
//
//

III

For the reasons stated herein, the petition for writ of habeas corpus is DENIED.  The clerk shall enter judgment in favor of respondent, terminate any pending motions and close the file.

IT IS SO ORDERED.

**VAUGHN R WALKER**
**United States District Chief Judge**

`G:\PRO-SE\VRW\HC.07\Stamos-07-5547-habeas denial.wpd`